[Cite as *State v. Hart*, 2016-Ohio-1008.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO                                    )
                                                 )
    PLAINTIFF-APPELLEE                       )
                                                 )      CASE NO. 14 BE 0025
VS.                                              )
                                                 )      OPINION
RICHARD JEFFREY HART                             )
                                                 )
    DEFENDANT-APPELLANT                      )

CHARACTER OF PROCEEDINGS:        Criminal Appeal from Court of Common Pleas of Belmont County, Ohio Case No. 12 CR 209

JUDGMENT:        Motion sustained.  Judgment Affirmed.

APPEARANCES:
For Plaintiff-Appellee        Attorney Daniel P. Fry
Belmont County Prosecutor
Attorney Helen Yonak
Assistant Prosecutor
147 West Main Street
St. Clairsville, Ohio 43950

For Defendant-Appellant        Attorney Desirae DePiero
7330 Market Street
Youngstown, Ohio 44512

JUDGES:

Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: March 14, 2016

DeGENARO, J.

{¶1} Defendant-Appellant, Richard Jeffrey Hart, appeals the judgment of the Belmont County Court of Common Pleas convicting him of two counts of rape and one count of sexual battery and sentencing him accordingly. Appointed appellate counsel for Hart has filed a no-merit brief and a request to withdraw as counsel pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967), and *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (1970). For the following reasons, this court sustains counsel's motion to withdraw and affirms the judgment of the trial court.

{¶2} Hart was accused of raping his step-daughter over a period of years. As a result, he was indicted on one count of rape of a victim under 13 years old, R.C. 2907.02(A)(1)(b), a felony-life offense, and nine counts of rape by force or threat of force, R.C. 2907.02(A)(2), all first-degree felonies. At the time of his indictment, Hart had debilitating medical conditions and resided in a rehabilitation facility; therefore, he consented to an arraignment without his presence. He pled not guilty to the charges and waived his speedy trial rights.

{¶3} Hart later entered into a Crim.R. 11 plea agreement with the State. The State agreed to dismiss the rape of a victim under age 13 count and six counts of rape by force or threat of force, and amended one count of rape by force or threat of force to sexual battery, R.C. 2907.03(A)(5), a third-degree felony. In exchange, Hart agreed to enter an *Alford* guilty plea to the remaining two counts of rape by force or threat of force, R.C. 2907.02(A)(2), charged in Counts II and III and alleged to have occurred on or about December 2009 through July 2010, and Count IV as amended to sexual battery, alleged to have occurred on or about December 2009 through July 2010. *See generally N. Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The plea agreement notes that the State would be recommending the maximum sentence of 25 years in prison. During the plea hearing the trial court engaged in a colloquy with Hart concerning the rights he would give up by pleading guilty, and discussed the specifics of the *Alford* plea with Hart and accepted Hart's plea as knowingly, voluntarily and intelligently made and proceeded immediately to

sentencing.

{¶4} During sentencing, the State recommended maximum consecutive sentences. The trial court addressed Hart and gave him the opportunity to make a statement in mitigation of punishment. Hart stated that he believed he was innocent but had entered the guilty plea because he believed accepting the plea bargain was in his best interests. The trial court confirmed Hart's understanding that it had found him guilty of the charges.

{¶5} The trial court read part of the victim impact statement into the record:

> And I'm quoting. Quote: "I just wanted to thank you for ruining my childhood and most of my teenage years. Thank you for showing me how messed up and sick a so-called human being can be. Thank you for giving me such an awful and dreadful life, so now that I can truly understand what being a normal teenage girl is really like. And once again, thank you for keeping me away from my loving family, because now I have them, and I know what it is like to have a loving and supportive family that you never wanted me to have. I hope you get it through your sick twisted mind that I never loved you. It was all lie [sic]."

{¶6} After considering, among other things, the record, victim impact letters, statements made at sentencing, the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, the trial court sentenced Hart to 10 years on each of the two rape counts and 5 years on the sexual battery count. After making the findings under R.C. 2929.14(C)(4), the trial court imposed consecutive sentences for an aggregate sentence of 25 years in prison. The trial court also imposed a 5 year mandatory term of post-release control, explained the ramifications of violating post-release control, classified Hart as a Tier III sex offender and explained the resulting duties. The trial court also ordered Hart to pay court costs, extraordinary costs and fines.

{¶7} An attorney appointed to represent an indigent criminal defendant may

seek permission to withdraw if the attorney can show that there is no merit to the appeal. *See generally Anders*, 386 U.S. 738. To support such a request, appellate counsel is required to undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support an appeal. *Toney*, 23 Ohio App.2d at 207. Counsel's motion must then be transmitted to the defendant in order to assert any error pro se. *Id.* at syllabus. The reviewing court must then decide, after a full examination of the proceedings and counsel's and the defendant's filings, whether the case is wholly frivolous. *Id.* If deemed frivolous, counsel's motion to withdraw is granted, new counsel is denied, and the trial court's judgment is affirmed. *Id.*

**{¶8}** Counsel filed a no-merit brief and we granted Hart 30 days to file a pro-se brief, which to date, he has failed to file. In the typical *Anders* case involving a guilty plea, the only issues that can be reviewed relate to the plea or the sentence. *See, e.g., State v. Verity*, 7th Dist. No. 12 MA 139, 2013–Ohio–1158, ¶ 11.

**{¶9}** A guilty plea must be made knowingly, voluntarily and intelligently. *State v. Sarkozy*, 117 Ohio St.3d 86, 2008–Ohio–509, 881 N.E.2d 1224, ¶ 7. If it is not, it has been obtained in violation of due process and is void. *State v. Martinez*, 7th Dist. No. 03 MA 196, 2004–Ohio–6806, ¶ 11, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). When determining the voluntariness of a plea, this court must consider all of the relevant circumstances surrounding it. *State v. Johnson*, 7th Dist. No. 07 MA 8, 2008–Ohio–1065, ¶ 8, citing *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

**{¶10}** The trial court must engage in a Crim.R. 11(C) colloquy with the defendant in order to ensure that a felony defendant's plea is knowing, voluntary and intelligent. *State v. Clark*, 119 Ohio St.3d 239, 2008–Ohio–3748, 893 N.E.2d 462, ¶ 25–26. During the colloquy, the trial court is to provide specific information to the defendant, including constitutional and nonconstitutional rights being waived. Crim.R. 11(C)(2); *State v. Francis*, 104 Ohio St.3d 490, 2004–Ohio–6894, 820 N.E.2d 355.

**{¶11}** The constitutional rights the defendant must be notified of are the right

against self-incrimination, to a jury trial, to confront one's accusers, to compel witnesses to testify by compulsory process, and to have the state prove guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c); *State v. Veney*, 120 Ohio St.3d 176, 2008–Ohio–5200, 897 N.E.2d 621, ¶ 19–21. A trial court must strictly comply with these requirements. *Id.* at ¶ 31; *State v. Ballard*, 66 Ohio St.2d 473, 477, 423 N.E.2d 115 (1981). "Strict compliance" does not require a rote recitation of the exact language of the rule. Rather, a reviewing court should focus on whether the "record shows that the judge explained these rights in a manner reasonably intelligible to the defendant." *Id.* at paragraph two of the syllabus.

**{¶12}** The nonconstitutional rights the defendant must be informed of are the effect of his plea, the nature of the charges, and the maximum penalty, which includes an advisement on post-release control if applicable. Further, a defendant must be notified, if applicable, that he is not eligible for probation or the imposition of community control sanctions. Finally, this encompasses notifying the defendant that the court may proceed to judgment and sentence after accepting the guilty plea. Crim.R. 11(C)(2)(a)(b); *Veney*, 120 Ohio St.3d 176 at ¶ 10–13; *Sarkozy*, 117 Ohio St.3d 86, at ¶ 19–26. The trial court must substantially comply with these requirements. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.* at 108. In addition to demonstrating the trial court did not substantially comply with Crim.R. 11(C)(2)(a)(b) the defendant must also show a prejudicial effect, meaning the plea would not have otherwise been made. *Veney*, 120 Ohio St.3d 176 at ¶ 15 citing *Nero*, 56 Ohio St.3d at 108.

**{¶13}** The trial court's advisement of Hart's constitutional rights strictly complied with Crim.R. 11(C)(2)(c) , and he indicated he understood he was giving up all of the above rights. The trial court also substantially complied with Crim.R. 11(C) when advising Hart of his nonconstitutional rights.  As the trial court's colloquy with Hart complied with Crim.R. 11(C), the plea was knowingly, voluntarily, and

intelligently entered.

**{¶14}** The unique aspect of the plea hearing was that Hart entered a plea in accordance with *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), where the defendant asserts he did not commit the crime but pleads guilty.

> An *Alford* plea is "merely a species of guilty plea" and is "procedurally indistinguishable" from a guilty plea. *State v. Carter*, 124 Ohio App.3d 423, 429, 706 N.E.2d 409 (2d Dist.1997); *State v. Nguyen*, 6th Dist. No. L–05–1369, 2007–Ohio–2034, ¶ 18. "The defendant's purpose for entering an *Alford* plea is to avoid the risk of a longer sentence by agreeing to plead guilty to a lesser offense or for fear of the consequences of a jury trial, or both." *State v. Bailey*, 1st Dist. No. C–030916, 2004–Ohio–6427, ¶ 7. A trial court may accept a guilty plea containing a protestation of innocence when "a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt." *Alford* at 37.
>
> By entering an *Alford* plea the defendant waives review of all alleged errors, except those errors that may have affected the entry of the plea pursuant to Crim.R. 11. *Nguyen, supra*, at ¶ 18; *State v. Lewis*, 7th Dist. No. 97–CA–161 (July 30, 1999).

*State v. Baker*, 7th Dist. No. 12 MA 32, 2013-Ohio-862, ¶ 8-9.

**{¶15}** The colloquy here began with the trial court asking Hart if he was making the plea because he believed the consequences of going to trial were too great compared with the consequences of pleading. Hart acknowledged that these were the reasons he was making the *Alford* plea and that he understood that by entering the plea he would be treated as guilty in all respects. The prosecutor made a brief factual explanation to substantiate the proof of guilt. Finally, the trial court made findings on the record that the *Alford* plea was not a result of coercion, deception or intimidation; that counsel was present at the time of the plea; that counsel's advice

was competent in light of the circumstances surrounding the amended indictment; that the plea was made with the understanding of the nature of the charges; that Hart's decision was motivated, either by a desire to seek a lesser penalty or the fear of the consequences of the jury trial, or both; and that the *Alford* plea was in Hart's best interests. This satisfies the requirements of *Alford*. Accordingly, there are no appealable issues regarding Hart's plea.

**{¶16}** This Court is currently split as to the standard of review to apply in felony sentencing cases. *See State v. Hill*, 7th Dist. No. 13 MA 1, 2014–Ohio–919, which applied the two-part test set forth in the plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, and *State v. Wellington*, 7th Dist. No. 14 MA 115, 2015–Ohio–1359, which applied R.C. 2953.08(G) limiting appellate review of felony sentences to determining whether they are clearly and convincingly contrary to law. The issue is currently before the Ohio Supreme Court. *State v. Marcum*, 141 Ohio St.3d 1453, 2015–Ohio–239, 23 N.E.3d 1453. Regardless of which standard of review is applied here, the outcome is the same.

**{¶17}** Hart was afforded his allocution rights pursuant to Crim.R. 32(A)(1). The trial court properly notified Hart that upon his release from prison he would be subject to a mandatory five-year period of post-release control and explained the ramifications of violating post-release control. *See* R.C. 2967.28(B)(1). The trial court properly classified Hart as a Tier III sex offender and notified Hart about his sex offender registration and notification duties.

**{¶18}** The 25 year prison sentence Hart received is within the 10 to 25 year range for the charges. *See* former R.C. 2929.14(A)(1) and (3). The trial court considered the principles and purposes of felony sentencing and the sentencing factors. R.C. 2929.11 and R.C. 2929.12.

**{¶19}** With regard to consecutive sentences, the provisions of H.B. 86, codified as R.C. 2929.14(C)(4), apply to criminal defendants who were sentenced on or after September 30, 2011, including those, like Hart, who committed the sentenced offenses before that date. *State v. Stout*, 7th Dist. No. 13 MA 30, 2014-Ohio-1094, 6

N.E.3d 1263, ¶ 17.

**{¶20}** Based on R.C. 2929.14(C)(4), a trial court is required to make three findings before imposing consecutive sentences: 1) consecutive sentences are necessary to protect the public from future crime or to punish the defendant; 2) consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public; and 3) one of three alternative findings, set out in subsections, namely that: a) the defendant was under post-release control, specified statutory community control, or awaiting trial or sentencing; b) the offenses were committed during a course of conduct and the harm was so great/unusual that a single term does not reflect the seriousness of the defendant's conduct; or c) the defendant's criminal history demonstrates the need to protect the public from future crime by the defendant. R.C. 2929.14(C)(4).

**{¶21}** Recently, in *State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.3d 659, the Supreme Court of Ohio held that the findings supporting consecutive sentences must be made both at the sentencing hearing and in the entry. *Bonnell* at ¶ 37. However, a trial court need not state reasons to support its findings nor is it required to use any "magic" or "talismanic" words, so long as it is apparent that the court conducted the proper analysis. *State v. Jones*, 7th Dist. No. 13 MA 101, 2014-Ohio-2248, ¶ 6; *see also Bonnell* at ¶37. Post-*Bonnell*, we may liberally review the entirety of the sentencing transcript to discern whether the trial court made the requisite findings. *Bonnell* at ¶29. However, as demonstrated by the outcome in *Bonnell*—the Supreme Court reversed and remanded Bonnell's sentence because the trial court failed to make a proportionality finding—there are limits to that deference. *Bonnell* at ¶ 33-34. After a reviewing court determines the findings have been made, the court "must also determine whether the record contains evidence in support of the trial court's findings." *State v. Correa*, 7th Dist. 13 MA 23, 2015-Ohio-3955, ¶ 76, citing *Bonnell* at ¶29.

**{¶22}** Here, the trial court made the following findings with regard to the imposition of consecutive sentences during the hearing:

This Court has reviewed the statutes on this matter. And specifically, 2929.41(A) and 2929.14(C)(4).

This Court believes, pursuant to those statutes, that the harm is so great and unusual, that a single term does not reflect adequately the seriousness of the conduct. And two, the criminal - - the offender's criminal history shows that consecutive terms are needed to protect the public.

I accordingly order that those terms be served consecutively and not concurrently, for a total of 25 years.

Quite bluntly, if the law permitted it, I would be sentencing you to more than 25 years, but that is the maximum permitted under the law.

{¶23} The sentencing entry reiterated the statutory findings.

{¶24} The trial court made findings sufficient to support the imposition of consecutive sentences pursuant to R.C. 2929.14(C)(4). Although the trial court did not use the word disproportionate during the hearing, the court's statements that "a single term does not reflect adequately the seriousness of the conduct," and "[q]uite bluntly, if the law permitted it, I would be sentencing you to more than 25 years," satisfies the proportionality finding as contemplated by our deferential standard of review articulated in *Bonnell*.

{¶25} In sum, because the record contains no apparent errors, counsel is permitted to withdraw and the judgment of the trial court is affirmed.

Waite, J., concurs.

Robb, J., concurs.