[Cite as *State v. DeNiro*, 2013-Ohio-2826.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2012-L-121 and 2012-L-122** |
| DINO R. DENIRO, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Lake County Court of Common Pleas, Case Nos. 11 CR 000517 and 12 CR 000073.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Alana A. Rezaee,* Assistant Prosecutor, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*R. Paul LaPlante,* Lake County Public Defender, and *Vanessa R. Clapp,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Dino R. DeNiro, appeals his sentence following his guilty plea in the Lake County Court of Common Pleas to failure to comply with an order or signal of a police officer and felony theft. At issue is whether the trial court abused its discretion in imposing the maximum sentence. For the reasons that follow, we affirm.

{¶2} Appellant was indicted in two separate cases. In Case No. 11 CR 517, he was charged in a three-count indictment with failure to comply with an order or signal of

a police officer, a third-degree felony; theft, a fifth-degree felony; and failure to comply with an order or signal of a police officer, a fourth-degree felony.

{¶3}   In Case No. 12 CR 73, appellant was indicted for theft, a fifth-degree felony, and possessing criminal tools, a fifth-degree felony.  He pled not guilty in both cases.

{¶4}   Appellant subsequently entered a plea bargain with the state pursuant to which, on August 10, 2012, he pled guilty in both cases.  In Case No. 11 CR 517, he pled guilty to failure to comply, a fourth-degree felony.  In Case No. 12 CR 73, he pled guilty to theft, a fifth-degree felony.

{¶5}   The prosecutor outlined the factual basis for appellant's guilty pleas.  In Case No. 11 CR 517, on August 6, 2011, at 2:45 p.m., a Mentor police officer was dispatched to Dillard's Department Store in Mentor on a call of a theft by a male, later identified as appellant, who just left the store, entered a vehicle, and drove away.  While the officer was driving toward Dillard's, he saw a vehicle matching the description and bearing the license plate number provided by Dillard's security.  The officer accelerated his cruiser to catch up with appellant and activated his overhead lights.  Appellant then drove faster, reaching speeds in excess of 100 m.p.h. and drove through a red light.  Due to appellant's dangerously high speeds, the officer suspended his pursuit.  He then went to Dillard's to take statements.  The store security officer said he saw appellant walking in the Polo section carrying a bag.  He said appellant took several shirts; placed them in his bag; and then walked out of the store without paying for them.  Appellant ran to his car and the security officer tried to chase him, but was unsuccessful.

{¶6}   In Case No. 12 CR 73, some five months later, on January 18, 2012, at around 2:30 p.m., Willoughby Police received a theft report from security at the Target

2

Department Store in that city. Security reported they had a shoplifter, later identified as appellant, who just ran out of the store.

{¶7} Willoughby police officers drove to that location. As they approached the store, Target security was outside and pointed appellant out to the officers as he was running. One police officer circled appellant and stopped him. Appellant was carrying a bag containing five sets of headphones. The police officers brought appellant to the store, and Target security identified him as the male they saw take these items without paying for them.

{¶8} Target security also reported they had seen appellant on four prior occasions between April and August 2011 come into the store; go to the headphone section; use a knife to cut sets of headphones off their locked hooks; take four to seven sets of headphones each time; and then leave the store without paying for them.

{¶9} The court found appellant's guilty pleas were voluntary; accepted his pleas; and found him guilty in Case No. 11 CR 517 of failure to comply and in Case No. 12 CR 73 of felony theft. A nolle prosequi was entered on all other counts in both indictments. The court referred appellant to the probation department for a pre-sentence report.

{¶10} The case came on for sentencing on September 21, 2012. Appellant told the court he has been a drug addict for more than 30 years. He said he has been clean since 2009, following his most recent release from prison. He said that after he was released, he learned his sister had cancer, and he committed the instant thefts to get money to help her. He said he knew what he did was wrong and he is sorry.

{¶11} The prosecutor said that, while appellant told the court he committed the current offenses because he was trying to help his sister, when he was arrested in

January 2012 for the Target thefts, he told the police a different story. Appellant said he went to Target to steal because he needed money to get a place to stay as he had recently left his girlfriend. He also told the police he often goes to Target to steal headphones so he can sell them and get money to buy drugs because he is an addict.

{¶12} The court stated that appellant's criminal record spanning more than 30 years is "unbelievably horrible." He has some 25 prior convictions for crimes, including theft offenses, drug offenses, offenses against justice, and offenses of violence, such as aggravated burglary and robbery. He served five different prison terms. Further, he had many probation and parole violations. Moreover, he committed the instant offenses while he was on post-release control.

{¶13} The court stated on the record and in its sentencing entries that it had considered the purposes of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. The court stated that in light of appellant's lengthy criminal record, there was a great likelihood of recidivism. The court also noted this case was more serious because, immediately after the theft at Dillard's, in attempting to elude the police, appellant was travelling 100 m.p.h. on a city street and went through a red light, thus jeopardizing the public's safety.

{¶14} In Case No. 11 CR 517, the case involving Dillard's, the court sentenced appellant to 18 months in prison for failure to comply with an order or signal of a police officer. The court also found that, because appellant was on post-release control at the time of this offense, he had violated post-release control, and the court ordered him to serve a prison term of 12 months for this violation, to be served consecutively to the 18 months on the underlying conviction, for a total of 30 months in prison.

4

{¶15} In Case No. 12 CR 73, the case involving Target, the court sentenced appellant to prison for 12 months for this violation. The court ordered this sentence to be served consecutively to the 30-month sentence in Case No. 11 CR 517, for an overall total of 42 months in prison.

{¶16} Appellant appeals his sentence, asserting the following for his sole assignment of error:

{¶17} "The trial court erred by sentencing the defendant-appellant to maximum terms of imprisonment."

{¶18} In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum * * * sentences." *Id.* at paragraph seven of the syllabus.

{¶19} The court in *Foster* also held that R.C. 2929.11 and R.C. 2929.12 still "apply as a general guide for every sentencing." *Foster* at ¶36. In sentencing an offender for a felony conviction, pursuant to R.C. 2929.11(A), a trial court must be guided by the overriding purposes of felony sentencing, which are "to protect the public from future crime by the offender * * * and to punish the offender." *Id.* The court must also consider the seriousness and recidivism factors under R.C. 2929.12. *Foster, supra.*

{¶20} The court in *Foster* held that R.C. 2929.11 and R.C. 2929.12 do not mandate judicial fact-finding. *Foster* at ¶42. Rather, *"[t]he court is merely to 'consider' the statutory factors."* (Emphasis added.) *Id.* at 14. Thus, "in exercising its discretion, a court is merely required to 'consider' the purposes and principles of sentencing in R.C.

5

2929.11 and the statutory * * * factors set forth in R.C. 2929.12." *State v. Lloyd*, 11th Dist. No. 2006-L-185, 2007-Ohio-3013, ¶44.

**{¶21}** Subsequently, in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, the Supreme Court of Ohio established a two-step analysis for an appellate court reviewing a felony sentence. Appellant concedes that the *Kalish* test applies in this case. In the first step of the *Kalish* analysis, we consider whether the trial court "adhered to all applicable rules and statutes in imposing the sentence." *Id.* at ¶14. "As a purely legal question, this is subject to review only to determine whether it is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G)." *Id.*

**{¶22}** *Kalish* did not specifically provide guidance as to the "laws and rules" an appellate court must consider to ensure the sentence clearly and convincingly conforms with Ohio law. The specific mandate of *Kalish* is that the sentence fall within the statutory range for the felony of which a defendant is convicted. *Id.* at ¶15. *State v. Gooden*, 9th Dist. No. 24896, 2010-Ohio-1961, ¶48.

**{¶23}** Next, if the first step is satisfied, we consider whether, in selecting the actual term of imprisonment within the permissible statutory range, the trial court abused its discretion. *Kalish*, *supra*, at ¶17. This court has stated that the term "abuse of discretion" is one of art, connoting judgment exercised by a court that does not comport with reason or the record. *State v. Whitlow,* 11th Dist. No. 2007-L-005, 2007-Ohio-5907, ¶8, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925).

**{¶24}** Turning to the facts of the instant case and addressing the first step of the *Kalish* test, appellant pled guilty to failure to comply with an order or signal of a police officer, a felony of the fourth degree. He was therefore subject to a prison term for this

6

offense of up to 18 months. R.C. 2929.14(A). Further, because appellant committed this offense while he was on post-release control, he was subject to an additional prison term of 12 months for the post-release control violation pursuant to R.C. 2929.141. Appellant also pled guilty to theft, a fifth-degree felony, for which he was subject to an additional prison term of up to 12 months.

{¶25} Thus, the maximum prison sentence that the trial court could have imposed within the statutory limitations for both counts to which appellant pled guilty and the post-release control violation was 42 months. Appellant's sentence of 42 months was thus within the statutory range for these offenses, and, therefore, did not violate the applicable sentencing laws.

{¶26} Moreover, the trial court expressly stated on the record and in the court's sentencing entries that it had considered the purposes of felony sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12.

{¶27} Because the sentences imposed were within the statutory range of sentences for appellant's crimes and the court considered the purposes and factors of felony sentencing, appellant's sentence complied with all applicable statutes and therefore was not clearly and convincingly contrary to law. His sentence therefore complied with the first step of the *Kalish* test.

{¶28} In fact, appellant concedes that his sentence complied with the first step of the *Kalish* test and therefore was not contrary to law. Instead, he argues the court abused its discretion by not giving "appropriate consideration and weight" to whether he showed genuine remorse, which is one of the recidivism factors in R.C. 2929.12. As noted above, appellant told the court he committed the instant thefts to help his sister and he is sorry. In addition, appellant argues that none of the factors in R.C. 2929.12

7

making the offenses more serious apply and that certain factors making his cases less serious apply.

{¶29} As noted above, pursuant to *Foster, supra*, the trial court is not required to make findings under R.C. 2929.11 and R.C. 2929.12. R.C. 2929.12 requires only that the trial court consider the seriousness and recidivism factors. *Id.* R.C. 2929.12 does not require the trial court to "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000). As a result, the trial court was not required to make findings under any of the specific factors, including whether appellant showed genuine remorse. The trial court's statement in its sentencing entries and on the record that it considered the seriousness and recidivism factors in R.C. 2929.12 evidenced compliance with R.C. 2929.12. *State v. Delmanzo,* 11th Dist. No. 2007-L-218, 2008-Ohio-5856, ¶23.

{¶30} While appellant may not agree with the weight given by the trial court to his expression of remorse, "[a] trial court is not required to give any particular weight or emphasis to a given set of circumstances; it is merely required to consider the statutory factors in exercising its discretion." *Id.* We must therefore defer to the weight the court assigned to appellant's expression of remorse.

{¶31} Here, the trial court obviously found that any genuine remorse of appellant was outweighed by other recidivism factors, e.g., the offender has a history of criminal convictions; at the time of committing the offense, the offender was on post-release control for an earlier offense. The court noted at the sentencing hearing that the best predictor of appellant's future behavior is his past behavior. The court also noted that appellant has an extensive criminal record and that he committed the current crimes

8

while he was on post-release control. As a result, the trial court stated that appellant poses a great likelihood of recidivism.

{¶32} The court also noted that this case is more serious because, while attempting to elude the police in the Dillard's theft, appellant was travelling at 100 m.p.h. and went through a red light on city streets.

{¶33} The trial court considered the appropriate sentencing factors. Thus, it had full discretion to impose a sentence within the statutory range. *State v. Spencer*, 11th Dist. No. 2008-L-002, 2008-Ohio-3906, ¶12-17. Since the court's maximum sentence was supported by reason and the record, we hold the trial court did not abuse its discretion in sentencing appellant.

{¶34} For the reasons stated in the opinion of this court, appellant's assignment of error is overruled. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J.,

DIANE V. GRENDELL, J.,

concur.

9