[Cite as *State v. Gibson*, 2016-Ohio-1015.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO.  2015-L-079 |
| TYRONE GIBSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 15 CR 000086.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Alana A. Rezaee,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Charles R. Grieshammer,* Lake County Public Defender, and *Vanessa R. Clapp,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1}  Defendant-appellant, Tyrone Gibson, appeals from his eight-year prison sentence for Attempted Rape in the Lake County Court of Common Pleas.  The issue to be determined by this court is whether a trial court's sentence is contrary to law when it is reached after the court thoroughly explains the basis for its finding that the defendant had a lack of remorse and states in the written judgment entry that it has considered the

requisite factors under R.C. 2929.12. For the following reasons, we affirm the judgment of the trial court.

{¶2} On February 24, 2015, Gibson was indicted by the Lake County Grand Jury for Corrupting Another with Drugs, a felony of the fourth degree, in violation of R.C. 2925.02(A)(4)(a); Gross Sexual Imposition, a felony of the fourth degree, in violation of R.C. 2907.05(A)(5); Rape, a felony of the first degree, in violation of R.C. 2907.02(A)(1)(c); and two counts of Sexual Battery, felonies of the third degree, in violation of R.C. 2907.03(A)(2) and (5).

{¶3} On April 20, 2015, a change of plea hearing was held at which Gibson entered a guilty plea, by way of *Alford*, to an amended count of Attempted Rape, a felony of the second degree, in violation of R.C. 2923.02(A) and 2907.02(A)(1)(c). In exchange, the State agreed to recommend the remaining counts be dismissed. According to the State's recitation of facts, Gibson attempted to engage in sexual conduct with a fifteen-year-old female at his home, knowing that she was substantially impaired, since he provided alcohol that she consumed. Gibson's counsel asserted that he would not admit to the State's facts, since Gibson had been mistaken about the identity of the victim at the time the acts were attempted. The court reviewed Gibson's rights and the potential maximum sentence, as well as the basis for an *Alford* plea.

{¶4} A Written Plea of Guilty was filed on the same date. Gibson's plea was accepted and memorialized in an April 22, 2015 Judgment Entry, which referred the matter to the probation department for a presentence investigation (PSI).

{¶5} A sentencing hearing was held on June 10, 2015. Gibson's counsel requested that he be placed on community control. This was based on Gibson's

contention that he had believed he was engaging in sexual acts with his girlfriend, not the minor victim, on the night at issue, since it was dark. He also argued that his low blood sugar, a result of diabetes, caused him to lack awareness of his surroundings. Gibson explained that the victim had been trying to touch him inappropriately earlier that day and he "had no power over" the fact that she tried to have sex with him while he was asleep. He believed that a witness to a portion of the events, his girlfriend's daughter, was lying.

{¶6} The State explained, as indicated in the PSI, the physical and psychological harm suffered by the victim, who experienced physical pain, showed mistrust of officers and other individuals who interacted with her, and subsequently had nightmares and flashbacks. It recommended a sentence of eight years in prison.

{¶7} The court noted that the injury was exacerbated by the victim being intoxicated and that she suffered serious physical and psychological harm, and that Gibson abused his position of trust, as the adult present watching the victim. It found no factors making the offense less serious and emphasized Gibson's extensive criminal record. The court also found that there was no genuine remorse and that Gibson placed the blame on the victim.

{¶8} A Judgment Entry of Sentence was filed on June 15, 2015, memorializing these findings. The Judgment stated that the court had considered the pertinent factors under R.C. 2929.11 and .12, and ordered Gibson to serve a term of eight years in prison.

{¶9} Gibson timely appeals and raises the following assignment of error:

3

{¶10} "The trial court erred by sentencing the defendant-appellant to a maximum, eight-year prison term."

{¶11} The overriding purposes of felony sentencing in Ohio "are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). "A sentence imposed for a felony shall be reasonably calculated to achieve the[se] * * * overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶12} In exercising its discretion "to determine the most effective way to comply with the purposes and principles of sentencing," a court "shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, * * * and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing." R.C. 2929.12(A).

{¶13} The Ohio Supreme Court has described a sentencing court's discretion as "full discretion to impose a prison sentence within the statutory range." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus. "[T]he trial court is not obligated, in the exercise of its discretion, to give any particular weight or consideration to any sentencing factor." *State v. Holin*, 174 Ohio App.3d 1, 2007-Ohio-6255, 880 N.E.2d 515, ¶ 34.

4

{¶14} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing[,] * * * if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under [various sections of the Ohio Revised Code] [or] * * * the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a) and (b).

{¶15} Gibson argues that the trial court's sentence is contrary to law, in that it "ignored or discounted factors in R.C. 2929.12 that made his behavior less serious" and did not give weight to such factors that supported a shorter sentence.

{¶16} While there are a variety of factors to be considered by the trial court, which we need not restate here, the mitigating issues which Gibson asserts were favorable to him related to his expression of remorse and the circumstances of the crime, including his mistaken belief that he "was having sexual relations with his adult girlfriend at the time" and his physical condition that made him "not aware of whom he was with at the time of the sexual conduct." *See* R.C. 2929.12(C).

{¶17} The trial court stated that it considered the necessary factors under R.C. 2929.11 and .12 both at the hearing and in its Entry. It is also apparent in this case that the court fully considered the issue of remorse and Gibson's explanation regarding the circumstances of the crime. Both Gibson and his counsel explained, at length, his contentions that he was not fully aware of his conduct due to his low blood sugar and that he believed he was attempting to have sex with his girlfriend, not the victim, given

5

his condition and the darkness in the room. Although a court is not required to make factual findings on the R.C. 2929.12 factors, the court specifically stated at the sentencing hearing that it found Gibson lacked credibility, that the victim and witness were credible, that the victim's actions had been consistent with a sexual assault victim, and that Gibson's statements showed he was placing blame for the incident on the victim. The court also noted that Gibson stated both that he was unaware of his actions because of his blood sugar level and that he had believed he was having sex with his girlfriend. The court had legitimate concerns with Gibson's explanation of the crime. This led to its belief that Gibson did not express genuine remorse, regardless of his contentions that he took a plea in order to protect the victim from embarrassment at trial. "[A] reviewing court must defer to the trial court as to whether a defendant's remarks are indicative of genuine remorse because it is in the best position to make that determination." (Citation omitted.) *State v. Davis*, 11th Dist. Lake No. 2010-L-148, 2011-Ohio-5435, ¶ 15.

{¶18} Further, other factors under R.C. 2929.12 applied to justify Gibson's sentence, including harm to the victim and Gibson's extensive past criminal record and violations of post-release control, with which the court expressed concern. We find no grounds to second-guess the lower court's determination as to this issue, since it was entitled to weigh any degree of remorse expressed and other mitigating factors against those factors in favor of granting a prison term. "Even the demonstration of genuine remorse" does not "mandate a lesser sentence where the judge determines * * * that the maximum * * * sentence is necessary to achieve the purposes of felony sentencing, i.e., protecting the public from future crime by the offender and punishing the offender."

6

*State v. Karsikas*, 11th Dist. Ashtabula No. 2014-A-0065, 2015-Ohio-2595, ¶ 36, citing *Davis* at ¶ 17. The court was not required to give "any particular weight or emphasis to a given set of circumstances," including the expression of remorse, but was "merely required to consider the statutory factors." *State v. Delmanzo*, 11th Dist. Lake No. 2007-L-218, 2008-Ohio-5856, ¶ 23; *State v. Deniro*, 11th Dist. Lake Nos. 2012-L-121 and 2012-L-122, 2013-Ohio-2826, ¶ 30.

{¶19} The sole assignment of error is without merit.

{¶20} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, sentencing Gibson to serve an eight year prison term for Attempted Rape, is affirmed. Costs to be taxed against appellant.


CYNTHIA WESTCOTT RICE, P.J.,

THOMAS R. WRIGHT, J.,

concur.