[Cite as *State v. Ongert*, 2016-Ohio-1543.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 103208**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GINA M. ONGERT

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-592532-A

**BEFORE:** S. Gallagher, J., Stewart, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** April 14, 2016

**ATTORNEYS FOR APPELLANT**

Dean E. Depiero
Kelly Zacharias
5546 Pearl Road
Parma, Ohio   44129


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: John Farley Hirschauer
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

**{¶1}**  Gina Ongert appeals her conviction, claiming that two of the three offenses constituting her conviction were allied offenses of similar import and should have merged and, in addition, that the trial court erred by imposing the aggregate three-year term of imprisonment.  For the following reasons, we affirm.

**{¶2}** Ongert burglarized an 83-year-old man's home, stealing numerous firearms (grand theft) and a license plate or services.[1]  Some of the firearms have not been recovered.  Ongert pleaded guilty to separate counts of burglary, grand theft, and theft, and was sentenced to an aggregate term of three years in prison.  She timely appealed.

**{¶3}** Ongert first claims that the trial court erred by not considering whether the burglary and theft counts should have merged at sentencing.  She failed, however, to object to the separate punishments at sentencing and has forfeited all but plain error. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3.  "Crim.R. 52(B) affords appellate courts discretion to correct '[p]lain errors or defects affecting substantial rights' notwithstanding the accused's failure to meet his obligation to bring those errors to the attention of the trial court." *Rogers* at ¶ 22.  A defendant bears the burden of demonstrating plain error. *Id.*  To meet that burden, the defendant must demonstrate a deviation from a legal rule that constitutes a defect in the trial court

---

[1] The state contends on appeal that Ongert stole credit cards and $140 in cash and, in addition, charged over $1,000 to the stolen credit cards.  Ongert pleaded guilty to Count 4 of the indictment, theft of a license plate or services.

proceedings and that such an error affected a substantial right — defined as affecting the outcome of the trial. *Id.*, citing *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). Ongert has not shown any error, much less plain error.[2]

{¶4} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, paragraph three of the syllabus, the Ohio Supreme court held as follows:

> Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

Any one prong (they were offered in the disjunctive) warrants separate punishment. In this case, the second prong is implicated.[3] Ongert committed the thefts separate and apart from the burglary.[4]

---

[2] It should also be noted that Ongert primarily relies on *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, for her analysis. As the Ohio Supreme Court recently noted, however, the analysis from the plurality opinion in *Johnson* has been rendered "largely obsolete" and replaced by the analysis provided in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892. *State v. Earley*, Slip Opinion No. 2015-Ohio-4615, ¶ 11. No fault is directed toward Ongert. *Earley* was decided on November 10, 2015, about a month after Ongert filed her brief in this appeal. We are merely noting the change in analysis and have considered her arguments under the new standard rather than rejecting them outright.

[3] The first prong is also arguably implicated because burglary is an offense of dissimilar import from the underlying crime actually committed. *See State v. Anthony*, 2015-Ohio-2267, 37 N.E.3d 751, ¶ 73 (8th Dist.) (S. Gallagher, J., dissenting); *State v. Velez*, 8th Dist. Cuyahoga No. 101303, 2015-Ohio-105, ¶ 7-8. Because there are other grounds to support the separate punishments, we need not delve into any analysis of the first prong of the *Ruff* test.

[4] Ongert has not advanced any arguments pertaining to the two separate theft counts.

**{¶5}** As is pertinent to this appeal, burglary is defined as trespassing in an occupied structure that is a permanent habitation of any person when any person other than an accomplice is present or likely to be present with the purpose to commit any criminal offense inside the habitation. R.C. 2911.12(A)(2). Therefore, it is the intent to commit any criminal offense while trespassing that constitutes the commission of the burglary crime. *State v. Sutton*, 8th Dist. Cuyahoga Nos. 102300 and 102302, 2015-Ohio-4074, ¶ 64; *State v. Richardson*, 8th Dist. Cuyahoga No. 100115, 2014-Ohio-2055, ¶ 32. No criminal offense actually needs to be committed to support the burglary charge. *See State v. Fields*, 12th Dist. Clermont No. CA2014-03-025, 2015-Ohio-1345, ¶ 18 (the burglary was complete upon entering the premises with the intent to commit a crime). Even if the criminal offense is actually committed, the burglary was already completed and the subsequent crimes were then committed with separate conduct. *State v. Huhn*, 5th Dist. Perry No. 15-CA-00006, 2015-Ohio-4929, ¶ 22.

**{¶6}** Ongert has not demonstrated any error in the proceedings, much less one that affected a substantial right. The theft and burglary offenses are not allied offenses of similar import in this case. After trespassing in the home with the purpose of stealing the victim's property, Ongert actually stole the firearms and the license plate or services. The result following *Sutton* and *Richardson* is nonetheless the same; Ongert completed the acts constituting the burglary and then separately committed two theft acts while

remaining inside. It was not error to convict Ongert of all three crimes, and her first assignment of error is overruled.

{¶7} Finally, Ongert complains that the trial court sentenced her to three years of prison, when a lesser sentence would have sufficed. We cannot review Ongert's assigned error as argued. Ongert contends the trial court should have afforded more weight to her mitigating factors and less to the state's and the victim's aggravating ones. R.C. 2953.08 specifically precludes such a review.

{¶8} A defendant has the right to appeal any sentence consisting of the maximum term allowed for an offense, any prison sentence imposed for a fourth- or fifth-degree felony in certain situations, a sentence stemming from certain violent sex offenses, or any sentence that included an additional prison term imposed pursuant to R.C. 2929.14(B)(2)(a). R.C. 2953.08(A). None of those provisions apply to the current case.

{¶9} The only other grounds to support an appeal of a final sentence is if the sentence is contrary to law. R.C. 2953.08(A)(4).

> A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12.

*State v. Price*, 8th Dist. Cuyahoga No. 103023, 2016-Ohio-591, ¶ 12; *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13.

**{¶10}** Ongert claims the trial court ignored her mitigating factors presented at the sentencing hearing. Essentially, Ongert complains that the trial court did not give greater weight to the factors she deemed more relevant than the trial court evidently did. The weight given to any one sentencing factor is purely discretionary and rests with the trial court. All that R.C. 2929.11 and 2929.12 require is for the trial court to consider the sentencing factors. *State v. Torres*, 8th Dist. Cuyahoga No. 101769, 2015-Ohio-2038, ¶ 11 (potential assignment of error that the trial court failed to consider statutory sentencing factors was wholly frivolous because the trial court stated that it had "considered all the required factors of law"). We cannot review Ongert's assignment of error as argued. There is no statutory basis for us to consider her arguments, and she is not otherwise claiming her sentence is contrary to law.

**{¶11}** In support of our conclusion, the Ohio Supreme Court recently clarified that courts must look to the plain language of a statute in determining legislative intent. *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, ¶ 8. R.C. 2953.08(G)(2) unambiguously provides that an appellate court may not modify, vacate, or otherwise alter a final sentence unless it clearly and convincingly finds in its review under division (A), (B), or (C):

> [(1)] [t]hat the record does not support the sentencing court's findings under division (B) or (D) of 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the revised code, whichever, if any, is relevant;
>
> [*or* (2)] [t]hat the sentence is otherwise contrary to law.

*Id.* at ¶ 9. If the sentence is not challenged as being contrary to law, then the appellate court is without authority to review the assigned error.

{¶12} A trial court, as is pertinent to this discussion, need only consider the sentencing factors pursuant to R.C. 2929.11 and 2929.12 and need not make findings in support of those factors to impose a sentence that is not considered contrary to law. *State v. Karlowicz*, 8th Dist. Cuyahoga No. 102832, 2016-Ohio-925, ¶ 12, citing *State v. Kronenberg*, 8th Dist. Cuyahoga No. 101403, 2015-Ohio-1020, ¶ 27; *State v. Hart*, 7th Dist. Belmont No. 14 BE 0025, 2016-Ohio-1008, ¶ 18; *State v. Gibson*, 11th Dist. Lake No. 2015-L-079, 2016-Ohio-1015, ¶ 13, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus. A sentence within the bounds of the law cannot then be deemed contrary to law because a defendant disagrees with the trial court's discretion to individually weigh the sentencing factors. As long as a trial court considered all sentencing factors, the sentence is not contrary to law and the appellate inquiry ends.

{¶13} In practical terms, the *Marcum* analysis applies to situations in which not one sentencing factor supports a stated prison term or the trial court erroneously relied on factors that did not exist. For instance, if the trial court had specifically indicated that the defendant's criminal history supported the stated prison term, but the defendant was a first-time offender and no other factor in favor of the sentence existed, then the *Marcum* standard would apply and the appellate court may take the appropriate action. *See, e.g., State v. Whitt*, 2d Dist. Clark No. 2014-CA-125, 2016-Ohio-843, ¶ 8 (trial court was not

required to, but provided reasons for imposing the sentence, and those reasons were supported by the record). If, on the other hand, the hypothetical defendant had a criminal history, but presented a myriad of mitigating factors, we could not reverse or modify that sentence. In that case, it must be presumed the trial court exercised its discretion and gave greater weight to the defendant's criminal history than to the mitigating factors.

{¶14} The *Marcum* decision does not expand R.C. 2953.08(G)(2) to allow appellate courts to independently weigh the sentencing factors in appellate review. *Marcum* only alters the appellate sentencing review inasmuch as appellate courts must now focus on R.C. 2953.08 as the source and limits of our authority. Pursuant to R.C. 2953.08, as is pertinent to Ongert's assigned error, appellate courts can only review to determine whether the sentencing factors were considered; we cannot independently review the weight of each factor in the trial court's sentencing decision.

{¶15} The trial court, in this case, considered all the relevant sentencing factors, including the mitigating ones presented by Ongert. In fact, the trial court expressly stated it had done so at the sentencing and in the final entry of conviction. We can only review, pursuant to R.C. 2953.08(A)(4), whether the sentence is contrary to law, in other words, to determine whether the trial court considered the sentencing factors and sentenced within the statutory range. We cannot independently determine the weight given to each factor to arrive at a different sentencing conclusion or attempt to divine what factors the trial court deemed more relevant in the absence of specific findings. The court, having considered what the law requires, rendered a sentence within the

bounds of the law. Ongert's final assignment of error as argued is unreviewable and overruled.

**{¶16}** The conviction is affirmed.

It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

ANITA LASTER MAYS, J., CONCURS;
MELODY J. STEWART, P.J., CONCURS IN JUDGMENT ONLY