[Cite as *State v. Wickham*, 2025-Ohio-874.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | : | Hon. Michael D. Hess, J. |
| | : | Hon. Jason P. Smith, J. |
| -vs- | : | |
| | : | Judges Hess and Smith |
| | : | Sitting by Assignment by the |
| | : | Supreme Court of Ohio |
| | : | |
| HARVEY WICKHAM, III | : | Case No. 24CA000019 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Guernsey Court of
Common Pleas, Case No.
23CR000057


JUDGMENT:     Affirmed


DATE OF JUDGMENT:     March 14, 2025


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JASON R. FARLEY                      CHRIS BRIGDON
627 Wheeling Avenue               8138 Somerset Road
Cambridge, OH  43275             Thornville, OH  43076

*Smith, J.*

{¶ 1}   Defendant-Appellant Harvey Wickham, III appeals the April 4, 2024 judgment of conviction and sentence of the Guernsey County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   In September 2022, Guernsey County Sheriff's detectives learned from confidential sources that Wickham was selling methamphetamines from his home. The following month, Detective Masenelli observed an individual known to him as a frequent drug user going in and out of Wickham's home. Detectives later obtained Facebook messages wherein Wickham negotiated the sale of narcotics. Controlled buys were also conducted and Wickham sold methamphetamine to a confidential informant. On March 1, 2023, a search warrant was executed at Wickham's home yielding 68 grams of methamphetamine, 26 tablets of oxycodone, 11 tablets of clonazolam, weapons, and $3,812 in cash.

{¶ 3}   During an interview with Sheriff's Office Detective Carpenter, Wickham admitted to both possessing and selling methamphetamine.

{¶ 4}   As a result of these events, on March 3, 2023, the Guernsey County Grand Jury returned an indictment charging Wickham as follows:

{¶ 5}   Count one: Aggravated possession of drugs, a felony of the second degree. This count included a forfeiture specification pertaining to $3812 cash as well as a firearm specification.

{¶ 6}   Count two: Aggravated trafficking in drugs, a felony of the second degree. This count also included a forfeiture specification pertaining to $3812 cash as well as a firearm specification.

{¶ 7}   Counts three and four: Aggravated possession of drugs, felonies of the fifth degree.

{¶ 8}   On January 29, 2024, following plea negotiations with the state, Wickham agreed to enter guilty pleas to counts two, three, and four as well as the cash forfeiture specification in count two. In exchange, the state agreed to dismiss count one and its specifications and the firearm specification contained in count two. The state also agreed to dismiss a bill of information containing one count of aggravated possession of drugs. The trial court accepted Wickham's pleas and ordered a presentence investigation.

{¶ 9}   Wickham's sentencing hearing took place on April 4, 2024. On count two, aggravated trafficking in drugs, Wickham was sentenced to a mandatory indefinite prison term of four to six years. On counts three and four, aggravated possession of drugs, Wickham was sentenced to nine-month prison terms. The trial court ordered these terms to be served consecutively to each other and consecutive to the sentence imposed on count one for an aggregate indefinite prison term of five and a half to seven and a half years.

{¶ 10} Wickham filed a motion for delayed appeal which this court granted. Wickham raises two assignments of error as follow:

I

{¶ 11} "SHOULD THIS COURT REVERSE THE TRIAL COURT'S DECISION TO IMPOSE A SENTENCE OF 4 TO 6 YEARS ON COUNT 2, 9 MONTHS ON COUNT 3,

AND 9 MONTHS ON COUNT 4, TO RUN CONSECUTIVELY FOR A TOTAL OF 5 ½ TO 7 ½ YEARS, BECAUSE, THE SENTENCE WAS IN CONTRAVENTION OF THE SENTENCING STATUTES R.C. §2929.11 AND R.C. §2929.12?"

II

{¶ 12} "WAS THE TRIAL COURT'S DECISION TO IMPOSE CONSECUTIVE SENTENCES BETWEEN COUNTS 2, 3, AND 4 TO COUNT 5 IN CONTRAVENTION OF R.C. 2929.14(C)(4)?"

I

{¶ 13} In his first assignment of error, Wickham argues the trial court failed to properly consider R.C. 2929.11 and 2929.12 before imposing sentence. We disagree.

Applicable Law

{¶ 14} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002, ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.). Subsection (G)(2) sets forth this court's standard of review as follows:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for

resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 15} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 16} "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.' " *State v. Morris*, 2021-Ohio-2646, ¶ 90 (5th Dist.), quoting *State v. Dinka*, 2019-Ohio-4209, ¶ 36 (12th Dist.).

### Wickham's Argument

{¶ 17} Wickham does not dispute that the sentences imposed herein were within the appropriate statutory ranges. He instead argues the trial court did not properly

consider R.C. 2929.11 and 2929.12 because it failed to "optimally" apply the factors to his case. Wickham argues the result is a sentence that fails to represent the minimum sanctions necessary to protect the public.

{¶ 18} Wickham asks this court to reevaluate the trial court's findings pursuant to R.C. 2929.11 and R.C. 2929.12 and substitute our judgment for that of the trial court. We may not, however, undertake such an analysis. R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 2020-Ohio-6729, ¶ 39. It is well established that a trial court "need only consider the sentencing factors pursuant to R.C. 2929.11 and 2929.12 and need not make findings in support of those factors to impose a sentence that is not considered contrary to law." *State v. Ongert*, 2016-Ohio-1543, (8th Dist.) ¶ 12.

{¶ 19} The record here reflects the trial court considered the purposes and principals of sentencing pursuant to R.C. 2929.11 and the seriousness and recidivism factors pursuant to R.C. 2929.12 in great detail both on the record and in its sentencing judgment entry. Further, the trial court properly imposed post-release control and imposed sentences within the statutory guidelines. Transcript of sentencing (T.) 31-36, Judgment Entry of Sentence, April 4, 2024. Wickham's sentence is therefore not contrary to law. Accordingly, the first assignment of error is overruled.

II

{¶ 20} In his second assignment of error, Wickham argues his consecutive sentences are unsupported by the record. We disagree.

Applicable Law

{¶ 21} This court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002 ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.). Subsection (G)(2) sets forth this court's standard of review as follows:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) The sentence is otherwise contrary to law.

{¶ 22} R.C. 2929.14(C)(4) governs consecutive sentences. That section states:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 23} "R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *State v. Gwynne*, 2023-Ohio-3851, ¶ 5. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, (1954), paragraph three of the syllabus.

{¶ 24} When imposing consecutive sentences, a trial court must state the required findings at the sentencing hearing. *State v. Bonnell*, 2014-Ohio-3177, ¶ 29. Because a court speaks through its journal, the court should also incorporate its statutory findings into the sentencing entry. *Id.* However, a word-for-word recitation of the language of the statute is not required. *Id.* As long as the reviewing court can discern the trial court engaged in the correct analysis and can determine the record contains evidence to support the findings, consecutive sentences should be upheld. *Id.*

Wickham's Argument

{¶ 25} In his appellate brief at 14, Wickham concedes the trial court recited the requisite statutory findings on the record regarding consecutive sentences. He argues however, that the record does not support the trial court's imposition of consecutive sentences. Wickham points to evidence he presented at the sentencing hearing including (1) his minimal criminal record; (2) consistent employment history; (3) the fact that his drug involvement arose as a result of personal tragedies rather than a lifelong pattern of

criminality; (4) his genuine remorse evidenced through his successful participation in drug rehabilitation; and (5) the support of his family. Transcript of sentencing hearing (T.) 11-16.

{¶ 26} The sentencing transcript reflects the trial court considered all of these points. T. 31-33. The record further reflects the trial received and studied a presentence investigation report, and heard statements from the prosecutor and defense counsel. T. 5, 6-10, 11-16. The trial court found despite Wickham's post-indictment efforts, he had nonetheless engaged in organized criminal activity. T. 33-35 The court noted the seriousness of Wickham's conduct, the amount of drugs, and the fact that the traffic in and out of his home was "busier than Kroger's on a Saturday morning." T. 30. The court advised Wickham that the sentence imposed must consider punishment and the need to deter Wickham and others, a point that is "[s]ometimes . . .forgotten in the criminal justice system." T. 31. The trial court then found consecutive sentences were necessary to punish Wickham, protect the public from future crime, were not disproportionate to Wickham's conduct, that the offenses were part of one or more courses of conduct, and the harm caused was so great or unusual that a single prison term would not adequately reflect the seriousness of the offenses. T. 39.

{¶ 27} Given the forgoing, we find the trial court's imposition of consecutive sentences is supported by the record and is neither contrary to law, nor based on improper considerations. Accordingly, Wickham's second assignment of error is overruled.

{¶ 28} The judgment of conviction and sentence of the Guernsey County Court of Common Pleas is affirmed.

By Smith, J.,

Baldwin, P.J. and

Hess, J. concur.