**[Cite as *State v. Shriver*, 2025-Ohio-1756.]**


COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Andrew J. King, P.J. |
| Plaintiff - Appellee | : | Hon. Kevin W. Popham, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| GIAVONNI SHRIVER | : | Case No. 2024CA00143 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:         Appeal from the Court of Common
                                 Pleas, Case No. 2024CR0763




JUDGMENT:                        Affirmed




DATE OF JUDGMENT:                May 15, 2025




APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

KYLE L. STONE                             D. Coleman Bond
PROSECUTING ATTORNEY                      116 Cleveland Avenue N.W.
STARK COUNTY, OHIO                        Suite 600
                                          Canton, OH  44702
  BY:  Vicki L. DeSantis
       110 Central Plaza South
       Suite 510
       Canton, OH  44702-1413

*King, J.*

{¶ 1}   Defendant-Appellant Giavonni Shriver appeals the August 1, 2024 judgment of conviction and sentence of the Stark County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   Shriver and B.V., the victim in this matter, were involved in a short-lived relationship. A few days after they broke up, B.V. discovered she was pregnant. On March 30, 2024, the two got together to discuss how to handle the matter. At the time, B.V. had an infant son and a five-year-old daughter.

{¶ 3}   B.V. picked Shriver up and they went to her home. They ended up watching a movie in bed while B.V.'s son slept between them. B.V. saw notifications on Shriver's phone from another woman and confronted him. Shriver advised he was under no obligation to tell B.V. anything. B.V. asked Shriver to leave and Shiver became angry. He grabbed his phone back from B.V., and then when B.V. turned her back, he struck her twice. B.V. tried to get away, but Shriver approached her from behind, put her in a choke hold, and said he was going to kill her. B.V. struggled to breathe and was seeing spots. She feared losing consciousness because her children were in the home. B.V. managed to wrestle free from the choke hold, but then Shriver punched her in the stomach and said if she wanted an abortion he would do it then and there for free. Shriver then stated he was not leaving unless B.V. took him home.

{¶ 4}   B.V. went downstairs as Shriver followed. She put her son in his car seat and retrieved her phone from the charger just as a friend called via Facetime. Shriver grabbed B.V. again and told her she needed to calm down. B.V. got away from Shriver

and ran outside while telling her friend not to hang up. Shriver followed, took B.V.'s phone, smashed it, and threw it into the back yard. B.V. then started screaming for her neighbor who came outside and told Shriver she had called police. Shriver fled on foot.

{¶ 5} Alliance City police officers arrived on the scene and took a statement from B.V. as well as photographs of her injuries. B.V. took later photos of her injuries as they developed bruising.

{¶ 6} As a result of these events, on May 1, 2024, the Stark County Grand Jury returned a six-count indictment charging Shriver as follows:

{¶ 7} Count One: Strangulation in violation of R.C. 2903.18(B)(3)(C)(3)[1], a felony of the third degree;

{¶ 8} Count Two: Strangulation in violation of R.C. 2903.18 (B)(2)(C)(2), a felony of the third degree;

{¶ 9} Count Three: Disrupting Public Services in violation of R.C. 2909.04(A)(1)(C), a felony of the fourth degree;

{¶ 10} Count Four: Domestic Violence in violation of R.C. 2919.25(A)(D)(5), a felony of the fifth degree;

{¶ 11} Count Five: Aggravated Menacing in violation of R.C. 2903.21(A)(B), a misdemeanor of the first degree, and

{¶ 12} Count Six: Criminal Damaging or Endangering in violation of R.C. 2909.06(A)(1)(B), a misdemeanor of the second degree.

{¶ 13} Shriver entered pleas of not guilty and elected to proceed to a jury trial which took place on July 18, 2024. The State dismissed the domestic violence charge before

---

[1] Code sections are stated as they were presented in the indictment.

trial. The State presented evidence from B.V., her neighbor, and an Alliance police officer and elicited the above outlined facts. Shriver rested without presenting evidence. After hearing the evidence and deliberating, the jury convicted Shriver on the first count of strangulation, aggravated menacing, and criminal damaging. It acquitted him of the second count of strangulation and disrupting public services. Shriver was subsequently sentenced to an aggregate total of 36 months of incarceration.

{¶ 14} Shriver filed an appeal and the matter is now before this court for consideration. He raises three assignments of error as follow:

I

{¶ 15} "THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION AGAINST APPELLANT, AND THE CONVICTION MUST BE REVERSED."

II

{¶ 16} "THE APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND MUST BE REVERSED."

III

{¶ 17} "APPELLANT ASSERTS THAT THE TRIAL COURT ERRED BY IMPOSING THE MAXIMUM PRISON TERM AVAILABLE FOR HIS CONVICTION OF STRANGULATION, AND SEEKS APPELLATE REVIEW OF THAT SENTENCE PURSUANT TO R.C. 2953.08(A)."

I, II

{¶ 18} We address Shriver's first and second assignments of error together. In these assignments of error, Shriver argues his conviction for strangulation is against the manifest weight and sufficiency of the evidence. We disagree.

Standard of Review

{¶ 19} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks*, 61 Ohio St.3d 259 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380 (1997). The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

The Conviction

{¶ 20} Shriver was convicted of strangulation pursuant to R.C. 2903.18(B)(3) which proscribes knowingly creating a substantial risk of physical harm to another by means of suffocation or strangulation. R.C. 2903.18(A)(1) defines "strangulation or

suffocation" as "any act that impedes the normal breathing or circulation of the blood by applying pressure to the throat or neck, or by covering the nose and mouth." In this instance, strangulation was a felony of the third degree because B.V. was pregnant at the time of the offense.

## Shriver's Arguments

{¶ 21} Shriver acknowledges that the State presented evidence to demonstrate B.V. sustained physical harm, but argues it is unclear whether the harm was caused by Shriver striking B.V. or strangulation. But B.V.'s testimony was clear. She testified Shriver put her in a choke hold by placing his arm around her neck and applying pressure, which caused her to struggle to breathe, see spots in her vision, and fear losing consciousness. While Shriver was doing this, he told B.V. he was going to kill her. Transcript of trial (T.) 118-119, 133. Responding officers noted marks around B.V.'s neck. T. 108. We find this testimony was sufficient to support a finding of "knowingly creating a substantial risk of physical harm to another" by "any act that impedes the normal breathing or circulation of the blood by applying pressure to the throat or neck."

{¶ 22} Shriver further argues the State presented no expert or medical testimony to show he created a substantial risk of physical harm; however, medical or expert testimony is not required.

{¶ 23} Finally, Shriver suggests B.V.'s testimony lacked credibility due to the tumultuous nature of her relationship with Shriver, her anger towards him at the time of the offense as evidenced by text messages between the two, and inconsistencies between her written statement at the time of the offense and her trial testimony. It is well settled, however, that determinations regarding the credibility of witnesses and the weight

of the testimony are primarily for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230 (1967). The jury may take note of any inconsistencies and resolve them accordingly. It is free to believe all, part, or none of any witness's testimony. *State v. Antill*, 176 Ohio St. 61, 67 (1964). Upon review of the record, we find no evidence to support a conclusion that the jury lost its way in resolving conflicts in evidence and making its credibility determinations. Shriver's conviction is therefore not against the manifest weight of the evidence.

{¶ 24} The first and second assignments of error are overruled.

III

{¶ 25} In his final assignment of error, Shriver argues his maximum sentence for strangulation is excessive and inconsistent with the purposes and principles of sentencing pursuant to R.C. 2929.11 and R.C. 2929.12. We disagree.

Applicable Law

{¶ 26}   This court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002, ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.). Subsection (G)(2) sets forth this court's standard of review as follows:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the

sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 27} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 28} Nothing in R.C. 2953.08(G)(2) permits this court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court "concerning the sentence that best reflects compliance with R.C. 2929.11 [purposes and principles of felony sentencing] and 2929.12 [seriousness and recidivism factors]." *State v. Jones*, 2020-Ohio-6729, ¶ 42. The Supreme Court of Ohio clarified that the holding in *Jones* should not be "construed as prohibiting appellate review of a sentence when the claim is that the sentence was imposed based on impermissible considerations—i.e.,

considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12." *State v. Bryant*, 2022-Ohio-1878, ¶ 22. "Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law." *Id.*

{¶ 29} Conversely, "[a] sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.' " *State v. Morris*, 2021-Ohio-2646, ¶ 90 (5th Dist.), reversed on other grounds, 2022-Ohio-4609, quoting *State v. Dinka*, 2019-Ohio-4209, ¶ 36 (12th Dist.).

Shriver's Argument

{¶ 30} Shriver does not dispute that his sentence is within the appropriate statutory range. Instead, he argues the trial court did not properly consider the factors contained in R.C. 2929.11 and 2929.12, thereby imposing a sentence that is excessive and imposes an unnecessary burden on state or local government resources. Shriver provides his own analysis of facts to factors, and invites this court to adopt the same.

{¶ 31} As noted above, we may not reevaluate the trial court's findings pursuant to R.C. 2929.11 and R.C. 2929.12 and substitute our judgment for that of the trial court. R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 2020-Ohio-6729, ¶ 39. It is well established that a trial court "need only consider the sentencing factors pursuant to R.C. 2929.11 and

2929.12 and need not make findings in support of those factors to impose a sentence that is not considered contrary to law." *State v. Ongert*, 2016-Ohio-1543, (8th Dist.) ¶ 12.

{¶ 32} Here the trial court noted its consideration of the appropriate factors on the record. It additionally noted Shriver's considerable prior record, the fact that he was on post-release control at the time he committed this offense, the victim's injuries including two black eyes, bruised lips, and marks around her neck, the fact that Shriver assaulted B.V. in front of her children, and the fact that B.V. was pregnant at the time of the offense. Transcript of sentencing, July 19, 2024, 8-13. Additionally, contrary to Shriver's argument that the victim suffered no serious psychological harm, the victim spoke at the sentencing hearing and indicated she and her oldest child were left traumatized by the offense. *Id.* 6-7.

{¶ 33} The record reflects the trial court considered the purposes and principles of sentencing pursuant to R.C. 2929.11 and the seriousness and recidivism factors pursuant to R.C. 2929.12 both on the record and in its sentencing judgment entry, properly imposed post-release control, and imposed a sentence within the statutory guidelines. Shriver's sentence is therefore not contrary to law. Accordingly, the third assignment of error is overruled.

{¶ 34} The judgment of the Stark County Court of Common Pleas is affirmed.

By: King, P.J.

Popham, J. and

Gormley, J. concur.