LARRY A. JONES, SR., J.:
*708 {¶ 1} Pursuant to App.R. 26(A)(2), Loc. App.R. 26, and McFadden v. Cleveland State Univ. , 120 Ohio St.3d 54, 2008-Ohio-4914, 896 N.E.2d 672, the en banc court determined that a conflict existed regarding reviews of felony sentences between State v. Jones , 2016-Ohio-7702, 76 N.E.3d 596 (" Jones II "), which was the second opinion issued in this case upon reconsideration of the first panel decision, and State v. Ongert , 8th Dist. Cuyahoga No. 103208, 2016-Ohio-1543, 2016 WL 1464227, and agreed to hear the matter en banc. The en banc court narrowed its review to consider the following question:
Whether, under State v. Marcum , 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, the Ohio Supreme Court read R.C. 2929.11 and 2929.12 into R.C. 2953.08(G)(2)(a), allowing an appellate court to increase, reduce, or otherwise modify a sentence or vacate the sentence and remand the matter to the sentencing court for re-sentencing if the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C), R.C. 2929.20(I), as well as R.C. 2929.11 and 2929.12.
{¶ 2} In this case, defendants-appellants, Randy and Carissa Jones, were convicted, after a joint jury trial, of involuntary manslaughter, endangering children, and permitting child abuse. They appealed their convictions and sentences.[1] In September 2016, the panel in this case issued its first opinion. State v. Jones , 2016-Ohio-5923, 76 N.E.3d 417 (" Jones I "). The panel affirmed the convictions, but found that, although the sentences were not contrary to law, it needed a "more developed record to determine whether, by clear and convincing evidence, the record does not support the sentences as the Joneses contend." Id. at ¶ 105, 112. Randy Jones then filed a motion to reconsider the sentencing issue, contending that the sentences were contrary to law. The state filed a motion to en banc the sentencing issue. In response, the panel reconsidered the sentencing issue, issued a new opinion, Jones II , and denied the state's motion to en banc. In the reconsidered opinion, the panel determined by clear and convincing evidence that the record did not support the ten-year sentences and that the sentences were, therefore, contrary to law. Id. at ¶ 108. The state then filed another motion for en banc consideration. This court determined that a conflict existed between Jones II and Ongert , and now reviews the foregoing question en banc.
{¶ 3} To secure and maintain uniformity of decisions within the district, we vacate the panel's decision in Jones II , issued November 10, 2016. This opinion is the court's journalized decision in this appeal.
{¶ 4} This opinion is divided into two parts: (1) the decision of the en banc court and (2) the decision of the merit panel. The decision of the en banc court is limited to an analysis and resolution of the foregoing question regarding reviews of felony sentences. Six judges of the court concur fully with the decision and one judge concurs in judgment only with a separate opinion.[2]
*709 The decision of the merit panel reissues the original panel decision regarding appellants' convictions (assignments one through four), which is unaffected by this en banc review, and considers the fifth assignment of error regarding appellants' sentences in light of the standard of review in felony sentencing cases determined by the en banc court.
DECISION OF THE EN BANC COURT:
{¶ 5} In their fifth assignments of error, Randy and Carissa challenge their ten-year prison sentences. As mentioned, the sentencing issue to be considered by the en banc court has been framed as follows:
Whether, under State v. Marcum , 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, the Ohio Supreme Court read R.C. 2929.11 and 2929.12 into R.C. 2953.08(G)(2)(a), allowing an appellate court to increase, reduce, or otherwise modify a sentence or vacate the sentence and remand the matter to the sentencing court for re-sentencing if the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C), R.C. 2929.20(I), as well as R.C. 2929.11 and 2929.12.
{¶ 6} We answer in the affirmative.
{¶ 7} In Marcum , the defendant challenged her near-maximum sentence, which was imposed after her conviction on a drug-related charge. The Fourth Appellate District found that the abuse of discretion standard of review used under State v. Kalish , 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, no longer applied. State v. Marcum , 2014-Ohio-4048, 19 N.E.3d 540, ¶ 2-22. The defendant conceded that her sentence was not contrary to law-that is, she conceded that it did not fall outside the statutory range for the offense of which she was convicted, or (2) the trial court did not fail to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. See State v. Hinton , 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, 2015 WL 7571481, ¶ 10, citing State v. Smith , 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, 2014 WL 1408284, ¶ 13. The Fourth Appellate District then considered whether the record supported the sentence, and found that it did. Marcum , 2014-Ohio-4048, 19 N.E.3d 540, at ¶ 23-24.
{¶ 8} In considering whether the record supported the sentence, the Fourth District necessarily considered R.C. 2929.11 and 2929.12 -not just whether the trial court stated that it had considered those provisions, but, rather, whether after review of the record, clear and convincing evidence existed that the record did not support the sentence; that is, that the sentence was not supported in light of the purpose of felony sentencing under R.C. 2929.11 and seriousness and recidivism factors under R.C. 2929.12. The issue in Marcum , therefore, only implicated the factors set forth in R.C. 2929.11 and 2929.12. On appeal, the Ohio Supreme Court stated the following:
In the final analysis, we hold that R.C. 2953.08(G)(2)(a) compels appellate courts to modify or vacate sentences if they find by clear and convincing evidence that the record does not support any relevant findings under "division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or *710 division (I) of section 2929.20 of the Revised Code."
Marcum , 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22, quoting R.C. 2953.08(G)(2)(a).
{¶ 9} Because the case did not implicate any of the Ohio Revised Code sections listed in R.C. 2953.08(G)(2)(a), the Ohio Supreme Court went on to state:
We note that some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.
Marcum , 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.
{¶ 10} The state contends that the above-quoted paragraph was dicta because the conflict certified to the court was on what standard of review applied to felony sentencing. " 'Dicta' is defined as '[e]xpressions in court's opinions which go beyond the facts before the court and therefore are * * * not binding in subsequent cases as legal precedent.' " Westfield Ins. Co. v. Galatis , 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 85, quoting Black's Law Dictionary 454 (6th Ed.1990).
{¶ 11} Paragraph 23 of Marcum was not an expression that went beyond the facts of the case. If the court had simply concluded that appellate courts no longer review felony sentences under the abuse of discretion standard, then maybe it would be dicta. But the court concluded as follows:
The Fourth District correctly held that it could not modify or vacate Marcum's sentence unless it clearly and convincingly found that the record did not support the sentence. Its review of the record revealed that the facts amply supported the sentence. Accordingly, given that we have answered the certified-conflict issue in the negative and that we agree that the record supports the sentence, we affirm the Fourth District's judgment.
Id. at ¶ 24.
{¶ 12} Thus, Marcum states that felony sentences are reviewable beyond determining whether a trial court has considered all of the sentencing factors, and that we can take action (i.e., vacate and reverse) in regard to them if we find that they are not supported by the record. The Ohio Supreme Court's ultimate conclusion in Marcum was that the facts in the case supported the sentence. We therefore do not find paragraph 23 of the Marcum opinion to be mere dicta. And because none of the Revised Code sections enumerated in R.C. 2953.08(G)(2)(a) applied, the court necessarily considered the sentence relative to R.C. 2929.11 and 2929.12.
{¶ 13} State v. Ongert , 8th Dist. Cuyahoga No. 103208, 2016-Ohio-1543, 2016 WL 1464227, was the first case in which this court addressed Marcum . In Ongert , the defendant complained that the trial court sentenced her to a three-year prison term, "when a lesser sentence would have sufficed." Id. at ¶ 7. The panel held it could not review her sentence "as argued," stating that R.C. 2953.08"specifically precludes such a review." Id.
{¶ 14} Citing R.C. 2953.08(A), the Ongert panel noted that the only applicable subsection under which the defendant could appeal, as in this case, was (A)(4), that "the sentence is contrary to law."
*711 Id. at ¶ 8-9. As mentioned, a sentence is contrary to law if it falls outside the statutory range for the offense or the trial court failed to consider R.C. 2929.11 and 2929.12. Hinton , 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, 2015 WL 7571481, ¶ 10, citing Smith , 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, 2014 WL 1408284, ¶ 13. Because the defendant's sentence in Ongert was in the statutory range and the trial court stated that it had considered "all the required factors of law," the panel concluded that there was "no statutory basis for us to consider [the defendant's] arguments." Ongert at ¶ 10. "If the sentence is not being challenged as contrary to law, then the appellate court is without authority to review the assigned error." Id. at ¶ 11.[3]
{¶ 15} The Ongert panel stated that the Marcum analysis would only apply in instances where none of the sentencing factors supported a prison term or the trial court erroneously relied on a factor that did not exist-for example, the court relied on the defendant's prior criminal history when, in fact, the defendant was a first-time offender. Ongert at ¶ 13. The panel stated that Marcum "does not expand R.C. 2953.08(G)(2) to allow appellate courts to independently weigh the sentencing factors in appellate review." Ongert at ¶ 14.
{¶ 16} The Ongert panel may be correct that we should not weigh each sentencing factor-and, hence, that may have been a mistake the panel in Jones II made-but Marcum does state that appellate courts "review those sentences that are imposed after consideration of the factors in R.C. 2929.11 and 2929.12 * * * [and] may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." (Emphasis added.) Marcum at ¶ 23. In other words, even if a sentence is not contrary to law (i.e., it is within the permissible statutory range and the trial court considered R.C. 2929.11 and 2929.12 ), it is still reviewable and we look to the whole record to determine whether we clearly and convincingly find that the record does not support the sentence.
{¶ 17} In light of the above, we are not persuaded by any argument that we should not even consider R.C. 2953.08(G)(2) because we cannot get past R.C. 2953.08(A) -that the sentence is contrary to law. The defendant's sentence in Marcum was not contrary to law, but yet the Ohio Supreme Court found it proper that the Fourth Appellate District reviewed the record to determine if the record supported it.
{¶ 18} We are likewise also not persuaded by any argument that Marcum holds that the plain language of R.C. 2953.08(G)(2) precludes our review. The discussion in Marcum relative to the plain language of a statute involved the standard of review: abuse of discretion versus clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law. Marcum at ¶ 1, 7-10. And the plain language of R.C. 2953.08(G)(2) states: "The appellate court's standard for review is not whether the sentencing court abused its discretion." The plain language of the statute also states that appellate courts
*712 shall review the record, including the findings underlying the sentence or modification given by the sentencing court * * * [and] may take any action authorized by this division if it clearly and convincingly finds either of the following:
(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
(b) That the sentence is otherwise contrary to law.
Id.
{¶ 19} We recognize that taking action after review of a felony sentence is done on a case-by-case basis. But under R.C. 2953.08(G)(2) we are required to "review the record, including the findings underlying the sentence or modification given by the sentencing court." And for the reasons discussed, our review includes the considerations under R.C 2929.11 and the findings under 2929.12. Then, if after reviewing those findings, we find that the sentence is contrary to law or not supported by the record, we may take action.
{¶ 20} Post- Marcum , other Ohio appellate districts have reviewed the record to determine whether the considerations set forth in R.C. 2929.11 and 2929.12 support a sentence. For example, in State v. K.W. , 6th Dist. Erie No. E-16-051, 2017-Ohio-4338, 2017 WL 2610657, the defendant challenged his sentence, which was in the statutory range and, thus, the court found that it was not contrary to law on that basis. Id. at ¶ 14. Noting that a sentence is not contrary to law when it is within the statutory range and where the trial court considered R.C. 2929.11 and 2929.12, the Sixth District conducted "an independent review of the record" to determine if the "sentence imposed was amply supported." Id. at ¶ 12, 21.[4]
{¶ 21} Consequently, we answer the question under review in the affirmative.
PATRICIA ANN BLACKMON, J., MARY J. BOYLE, J., EILEEN T. GALLAGHER, J., MARY EILEEN KILBANE, J., and ANITA LASTER MAYS, J., CONCUR
MELODY J. STEWART, J., CONCURS IN JUDGMENT ONLY WITH A SEPARATE OPINION
SEAN C. GALLAGHER, J., DISSENTS WITH SEPARATE OPINION with FRANK D. CELEBREZZE, JR., J., EILEEN A. GALLAGHER, A.J., TIM McCORMACK, J., KATHLEEN ANN KEOUGH, J., CONCURRING
MELODY J. STEWART, J., CONCURRING IN JUDGMENT ONLY:
{¶ 22} I agree with the resolution of the question the en banc court asked the parties to brief:[5] that paragraph 23 of State v. Marcum , 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, allows an appellate court to increase, reduce, or otherwise modify a sentence or vacate the sentence and remand the matter to the sentencing court for resentencing if the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), *713 2929.14(B)(2)(e) or (C), 2929.20(I), as well as 2929.11 and 2929.12.
{¶ 23} This segues into what I think is an important issue that we did not ask the parties to brief-whether Marcum categorizes an appeal as "contrary to law" when the appeal is based solely on consideration of the R.C. 2929.11 and 2929.12 sentencing factors. The answer to this unposed question was decided by Marcum itself. Despite saying that Marcum's sentence was not contrary to law, see id. at ¶ 7, the Supreme Court noted that "some sentences do not require the findings that R.C. 2953.08(G) specifically addresses," and then held that "it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court." Id. at ¶ 23. I take this to mean that the Supreme Court considers a sentencing appeal based solely on consideration of the R.C. 2929.11 and 2929.12 sentencing factors as being one that raises the question of whether the sentence is "contrary to law" for purposes of R.C. 2953.08(A).
{¶ 24} The dissent cites State v. Ongert , 8th Dist. Cuyahoga No. 103208, 2016-Ohio-1543, 2016 WL 1464227, for the proposition that a sentencing appeal based solely on consideration of the R.C. 2929.11 and 2929.12 sentencing factors is not one that falls under the "contrary to law" category in subdivision (A). There is some support for this proposition- Marcum itself appeared to create this distinction when it stated that "an appellate court may vacate or modify a felony sentence on appeal only if it clearly and convincingly finds that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." (Emphasis added.) Marcum , 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, at ¶ 1. My concern is that this reading of Marcum results in a judicial expansion of the right to appeal a criminal sentence that Marcum itself said it had no authority to order.
{¶ 25} "Criminal procedure in this state is regulated entirely by statute, and the state has thus created its system of criminal law covering questions of crime and penalties, and has provided its own definitions and procedure." Mun. Court of Toledo v. State, ex rel. Platter , 126 Ohio St. 103, 184 N.E. 1 (1933), paragraph one of the syllabus. Marcum made this point when it said that R.C. 2953.08"comprehensively defines the parameters and standards-including the standard of review-for felony-sentencing appeals." Marcum at ¶ 21.
{¶ 26} If the "parameters" for appeal are defined solely by the legislature as set forth in R.C. 2953.08(A), the only conceivable basis for Marcum's appeal would have been R.C. 2953.08(A)(4) -that her sentence was "contrary to law." As Marcum noted, it is only the legislature and not a court that defines the right of a criminal appeal.
{¶ 27} In fact, the drafters of 1995 Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, effective July 1, 1996 ("S.B. 2"), and in particular R.C. 2953.08, intended that the application of sentencing factors under R.C. 2929.11 and 2929.12 would fall under the "contrary to law" provision of R.C. 2953.08(A)(4).
{¶ 28} The purposes of felony sentencing are to "protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). A sentence must not only achieve those purposes, it must be "commensurate with and *714 not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). Taken together:
The effect under the new law of establishing "public protection" and "punishment" as overriding purposes of sentencing but not limiting them to "considerations" is that every sentence must now be assessed by whether, as set forth in O.R.C § 2929.11(B), it is "reasonably calculated to achieve" those overriding purposes. Failure of a sentence to do so causes it to be appealable on the ground that the sentence is "contrary to law."
Griffin & Katz, Sentencing Consistency: Basic Principles Instead of Numerical Grids: The Ohio Plan , 53 Case W.Res.L.Rev. 1, 6 (2002).[6]
{¶ 29} Used in this way, the phrase "contrary to law" covers two distinct concepts. First, the normal meaning of "contrary to law" as either doing something illegal or not doing something that was legally required. State v. Jones , 93 Ohio St.3d 391, 399, 754 N.E.2d 1252 (2001) (agreeing that trial judge's failure to make the findings on the record required by R.C. 2929.19(B)(2)(c) is "contrary to law."); State v. Kalish , 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124 ("a sentence 'outside the permissible statutory range * * * is clearly and convincingly contrary to law.' "). Second, "contrary to law" means a sentence that is inconsistent with the goals and purposes of felony sentencing.
{¶ 30} The dissent suggests that the second meaning of "contrary to law" would permit a new appellate review process that ignores a sentencing judge's discretion "to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.12. There is nothing new about this type of appellate review-it was part of R.C. 2953.08(G) from the beginning. As Griffin and Katz note:
The statute itself contributed to the misconception that abuse of discretion remained the standard of review; for § 2929.12(A) provided: "[A] court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles set forth in section 2929.11 of the Revised Code."
Although the section went on to say that the discretion was to be guided by the seriousness and recidivism factors identified in § 2929.12, the section failed to state-perhaps because it seemed obvious to those who drafted the Ohio Plan-that §§ 2929.13 (guidance on whether to imprison), 2929.14 (guidance on length of a prison sentence), and 2929.11, itself, were limitations on the sentencing judge's discretion.
In addition, it was easy to overlook the fact that the language in § 2929.12(A) was not a general grant of discretion but only a grant to exercise discretion with respect to the effectiveness of a sentence in complying with the statutory guidance in those sections not mentioned. Thus, it was only when a choice of sanctions was available to the judge within the statutory limitations that the Ohio Plan contemplated that the judge could exercise *715 discretion. And, even then, that discretion was limited by the principles of proportionality, reasonableness, consistency, and cost set forth in sections 2929.11(B) and 2929.13(A). Ultimately the statute was amended to specify that the sentencing judge's discretion was limited by sections 2929.13 and 2929.14 and that the standard of appellate review was no longer "abuse of discretion." Unfortunately, in the initial years many judges did not want to relinquish the old ways.
Griffin & Katz, supra , at 42.
{¶ 31} In its final report on draft legislation that would become S.B. 2, the Ohio Criminal Sentencing Commission[7] stated that a sentencing judge's discretion was to be guided through a series of presumptions concerning the principles of felony sentencing, and appellate courts would "police" this enhanced discretion in a way that would foster predictability and ease disparity. A Plan for Felony Sentencing in Ohio: A Formal Report of the Ohio Criminal Sentencing Commission , at 49. This type of appellate review would be limited to ensuring "proportionality, uniformity, predictability, greater certainty, and fairness." Id. at 49-50.
{¶ 32} R.C. 2953.08(G)(2) uses a quantum of persuasion-that after reviewing the record, the appellate court could reverse or modify a sentence if it was unconvinced that a particular sentence served the goals and purposes of felony sentencing. The use of the phrase "clear and convincing" required the appellate court to have a "firm belief or conviction" that the sentences were not supported by the goals and purposes of felony sentencing. It is important to understand that this was not appellate review that examined the manner in which the sentencing judge exercised discretion in selecting a prison term within a defined statutory range for a particular degree of felony. Sentencing judges were given broad discretion to select a sentence within the applicable statutory range. State v. Rahab , 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d 431, ¶ 10. Appellate review of criminal sentences was meant to be divorced from this discretion, at least insofar as that discretion was exercised in selecting a term of years.
{¶ 33} Despite the statutory changes made by R.C. 2953.08(G), appellate judges continued to defer to sentencing judges. This caused the legislature to modify R.C. 2953.08(G)(2) to specifically state that "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." Griffin & Katz, supra , at 42. Importantly, this was not a legislative directive that barred appellate review of any exercise of a sentencing judge's discretion to impose a sentence. Appeals raising issues of proportionality and consistency continued to fall under the "contrary to law" provision of R.C. 2953.08(A)(4). To conclude otherwise would be to assume that the legislature jettisoned the original intent behind appellate review under S.B. 2.
{¶ 34} Unless one assumes that the Supreme Court created a new level of appellate review beyond that set forth in R.C. 2953.08(G), paragraph 23 of Marcum has to be read as allowing appeals based on consideration of the R.C. 2929.11 and 2929.12 factors as falling under the contrary to law provision of 2953.08(A)(4). It is also tempting to read Marcum as restoring the original intent behind appellate *716 review under R.C. 2953.08(G). But if the Supreme Court truly intended to restore appellate review of criminal sentences to the original intent of S.B. 2 as enacted, it would have done so with more than a single sentence. Clarification of the law is still needed. But until then, I agree that appellate courts can, under the R.C. 2953.08(A)(4) contrary to law provision, review sentences imposed after consideration of the factors in R.C. 2929.11 and 2929.12.

Randy and Carissa filed separate appeals. (8th Dist. Cuyahoga Nos. 103290 and 103302, respectively.) This court consolidated the appeals for hearing and disposition. (Motion nos. 497480 and 497478, respectively.)

App.R. 26(A)(2)(d) states:
"The decision of the en banc court shall become the decision of the court. In the event a majority of the full-time judges of the appellate district is unable to concur in a decision, the decision of the original panel shall remain the decision in the case * * *."
Because seven judges of the court concur in the en banc decision, either fully or in judgment only, it is the belief of the seven judges that App.R.26 (A)(2)(d) does not require "the decision of the original panel * * * remain the decision in this case."

We note that elsewhere in Ongert , the panel seemed, however, to suggest that a sentence that is not contrary to law may still be reviewable. As mentioned, the panel found that because of the manner in which the defendant framed the challenge of her sentence, it was unable to review it. But it seemed to hint that the sentence may have been reviewable had the defendant claimed that her sentence was "otherwise" contrary to law. See id. at ¶ 10.

See also State v. Davis , 2016-Ohio-7319, 71 N.E.3d 1254, ¶ 4 ("We review a felony sentence to determine whether the trial court's findings-or where findings are not required, the sentence itself-are clearly and convincingly unsupported by the record, or whether the sentence is otherwise contrary to law.")

I also agree with the dissent, however, that the briefing was improvidently requested.

Judge Burt Griffin was a member of the Ohio Criminal Sentencing Commission and Professor Lewis Katz was a member of the Criminal Sentencing Advisory Committee. See A Plan for Felony Sentencing in Ohio: A Formal Report of the Ohio Criminal Sentencing Commission , at 1 (July 1, 1993).

The Ohio Criminal Sentencing Commission was charged with determining "whether any special appellate procedures are necessary for reviewing departures from, or the misapplication of, the general sentencing structure recommended pursuant to this section." R.C. 181.24(D).