[Cite as *State ex rel. v. McClarin*, 2019-Ohio-5343.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

      Plaintiff-Appellee,           :

                                               No. 108225

      v.                                     :

DEANGELO M. MCCLARIN,            :

      Defendant-Appellant.          :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 26, 2019

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-631858-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Denise J. Salerno, Assistant Prosecuting Attorney, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and Paul Kuzmins, Assistant Public Defender, *for appellant.*

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant, Deangelo M. McClarin, appeals his sentence and claims the following two errors:

> 1. The trial court erred in failing to inquire about exculpatory evidence that was noted by defense counsel but never discussed in detail.

2.  Trial counsel was ineffective when he noted that exculpatory evidence existed but never discussed that evidence with the trial court prior to sentencing.

{¶ 2}  We find no merit to the appeal and affirm.  Inquiry and discussion at the sentencing hearing regarding the nature and scope of potentially exculpatory evidence was unnecessary since the trial court discovered the evidence during an in camera review of confidential records and was familiar with them.

## I.  Facts and Procedural History

{¶ 3}  McClarin was charged with ten counts of rape and four counts of kidnapping.  The rape counts all included furthermore clauses pursuant to R.C. 2907.02(A)(1)(b), alleging that each of the four victims were under 13 years of age at the time of the offenses.  The kidnapping counts all included sexual motivation specifications, alleging that McClarin committed the offenses with a sexual motivation.  The offenses allegedly occurred between June 1, 2018, and July 31, 2018, while the victims were six, seven, nine, and ten years old.

{¶ 4}  During the discovery phase of the case, McClarin filed a subpoena duces tecum and a motion for an in camera inspection of records from the Cuyahoga County Department of Child and Family Services ("CCDCFS").  CCDCFS filed a motion to quash the subpoena with a request for a protective order, or in the alternative, for the trial court to conduct an in camera inspection.  The court conducted an in camera review of the records, identified "potentially exculpatory" records, and ordered the state to provide copies of "potentially exculpatory

evidence" to McClarin. (Journal entry Dec. 11, 2018.) Thereafter, McClarin pleaded guilty to seven counts of rape with the age enhancements removed. The remaining charges were nolled.

{¶ 5} At sentencing, the state reminded the court that, as originally indicted, McClarin was facing a potential life sentence without the possibility of parole if convicted at trial. Pursuant to the plea agreement, McClarin was facing a maximum 77 years in prison, if the court imposed maximum prison terms on every count and ran them consecutively. Rather than ask for a maximum consecutive sentence on all counts, the state recommended "something closer to a maximum consecutive sentence for each child." (Tr. 42.) Each rape conviction carried a maximum 11-year sentence. The state recommended that the court impose a consecutive sentence for each of the four victims for an aggregate 44-year prison term. (Tr. 42.)

{¶ 6} The court received a victim impact statement from the victims' mother and mitigating statements from McClarin's aunt and trial lawyer. The victims' mother informed the court that she felt betrayed and that she and the children have been "left * * * with trust issues." (Tr. 55.) McClarin's aunt told the court that McClarin was a "father figure" to the victims. McClarin's lawyer stated that McClarin was sorry for any harm he caused the children and understands the children will probably never be the same. (Tr. 59.)

{¶ 7} McClarin spoke on his own behalf and admitted to the court that his conduct was wrong, but claimed he was "going through a lot of things" and "had

nothing to look forward to." (Tr. 62.) He further explained that he would not have been with the family "if mother didn't give me genital herpes." (Tr. 64.) He "didn't feel right being with another woman and putting them at risk and getting herpes," so he stayed with "that family." (Tr. 65.) McClarin also stated that he had been taking drugs and was "not actually focusing on what is in front of me." (Tr. 65.)

{¶ 8} Counsel reminded the court that even though "potentially exculpatory evidence" was discovered during the in camera inspection, McClarin chose to plead guilty rather than force the children to go through trial. Counsel stated, in relevant part:

> [A]s this Court knows, * * * counsel for the State of Ohio and I painstakingly went through those records and we saw some interesting, some exculpatory evidence regarding — some issues regarding the children, but Mr. McClarin was not going to drag these kids into the courtroom for a trial. He wasn't going to do that and I think that's another factor we're asking the Court to take into consideration at the time of sentencing.

(Tr. 63.)

{¶ 9} While considering factors in mitigation of prison at the sentencing hearing, the court stated, in relevant part:

> When I look at the less serious conduct in this matter, I certainly think that the fact that you accepted responsibility, that you, as your lawyer said, stepped up and said whatever your excuse was, that you were involved in this and that you did this, and you say putting a six, seven, nine, and ten year old on a trial in front of a jury, in front of strangers to talk about this abuse is something that this Court considers. And the fact that you took responsibility is what [your lawyer] is asking me to look at and to show mercy in this matter.

(Tr. 69.) After considering all relevant sentencing factors, the court sentenced McClarin to ten years on each of the seven rape counts, ordered several counts to be served concurrently and other counts to be served consecutively for an aggregate 40-year prison term. McClarin now appeals his sentence.

## II. Law and Analysis

## A. Potentially Exculpatory Evidence

{¶ 10} In the first assignment of error, McClarin argues the trial court erred in failing to inquire about the exculpatory evidence referenced by defense counsel at the sentencing hearing since counsel did not discuss the nature of the exculpatory evidence in detail. He contends the court's failure to ask about the details of the evidence was an abuse of discretion because it prevented the court from properly considering the purposes and principles of sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors outlined in R.C. 2929.12.

{¶ 11} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. R.C. 2953.08(G)(2) provides, in relevant part:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4)

of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 12} In *State v. Jones*, 2018-Ohio-498, 105 N.E.3d 702 (8th Dist.), this court, sitting en banc, held that, pursuant to *Marcum* at ¶ 23, the scope of appellate review includes examination of the record to determine if the record clearly and convincingly supports the trial court's findings under R.C. 2929.11 and 2929.12. In other words, R.C. 2953.08(G)(2) requires an appellate court to modify or vacate a sentence if it finds, by clear and convincing evidence, that the record does not support the findings required by relevant sentencing statutes, including R.C. 2929.11 and 2929.12. *Id.* at ¶ 9.

{¶ 13} Although a trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12, these are not fact-finding statutes. *State v. Franklin*, 8th Dist. Cuyahoga No. 107482, 2019-Ohio-3760, ¶ 41; *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 42. The trial court is not required to make any specific findings on the record regarding its consideration of the relevant sentencing factors and principles. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31. Consideration of the appropriate factors can be presumed unless the defendant affirmatively demonstrates otherwise. *State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13, citing *State v. Stevens*, 1st Dist. Hamilton No. C-130278, 2013-Ohio-5218, ¶ 12.

{¶ 14} The record in this case shows that the trial court considered all the required sentencing factors and principles. Prior to imposing sentence, the trial court acknowledged on the record that the sentence "must comply with the purposes and principles of R.C. 2929.11(A)" and articulated all of the purposes and principles of felony sentencing on the record, including the need to punish McClarin using the minimum sanctions necessary to accomplish that purpose and the fact that the sentence should be commensurate with, and not demeaning to, the seriousness of his conduct. (Tr. 67.) In considering the seriousness factors set forth in R.C. 2929.12(B), the court observed that McClarin's conduct of having vaginal and anal intercourse with young children was very serious and caused unimaginable, psychological harm. The court also commented that McClarin's position as a father figure living in the children's home was a "serious factor" because their mother trusted him. (Tr. 68.) And, the court noted that McClarin assaulted the children in their bedrooms while they were sleeping and told them not tell anyone. (Tr. 68-69.) The court further stated, in relevant part:

> What I'm struggling with is I have four victims, four kids, and their ages are six, seven, nine, and ten. I'm going to fashion a sentence that is appropriate based on their age, based on the conduct involved, the vaginal, anal, the fellatio, the conduct that the victims had described to social workers, to the detective, to the prosecutors, and I'm going to fashion a sentence that punishes you under the code section that fits the purposes and principals [sic] of sentencing.

(Tr. 70.)

{¶ 15} As previously stated, the court also considered it a mitigating factor that McClarin accepted responsibility for his actions and pleaded guilty rather than

forcing the victims to go through trial. Therefore, the record shows that the court thoroughly considered the purposes and principles of felony sentencing required by R.C. 2929.11 and the seriousness and mitigating factors outlined in R.C. 2929.12.

{¶ 16} Although the court did not ask defense counsel about the nature or scope of the "potentially exculpatory evidence" discovered during the in camera inspection, the docket shows that the court conducted the in camera review of the records, discovered the potentially exculpatory evidence, and ordered that copies of the potentially exculpatory portions of the records be provided to defense counsel. Therefore, the court was aware of the potentially exculpatory nature of the evidence. Furthermore, McClarin pleaded guilty, admitted his wrongdoing, and acknowledged the serious harm he caused the victims in open court, which suggests that the exculpatory nature of the evidence was not significant. Although the court acknowledged McClarin's desire to protect the victims from further harm by pleading guilty and avoiding trial, it did not mention the exculpatory evidence, despite being aware of it, probably because it was not particularly exculpatory. In any case, the court was not required to make findings based on that evidence, the record shows that the court was aware of the "potentially exculpatory evidence" and that the court considered the relevant sentencing factors required by R.C. 2929.11 and 2929.12.

{¶ 17} Therefore, the first assignment of error is overruled.

## B. Ineffective Assistance of Counsel

{¶ 18} In the second assignment of error, McClarin argues his Sixth Amendment right to the effective assistance of counsel was violated because his trial counsel failed to discuss details of the exculpatory evidence on the record at the sentencing hearing.

{¶ 19} To establish ineffective assistance of counsel, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable representation and that he or she was prejudiced by that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice is established when the defendant demonstrates "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

{¶ 20} McClarin argues his trial counsel's performance was deficient because he failed to discuss the exculpatory evidence that was produced during the in camera inspection. He suggests the court was unaware of the evidence and that, had counsel discussed the exculpatory evidence at the sentencing hearing, it would have mitigated his sentence.

{¶ 21} However, as previously stated, the court conducted the in camera review of confidential records, discovered the "potentially exculpatory evidence," and ordered that it be provided to McClarin. Because the trial court was aware of the evidence and its "potentially exculpatory" nature, counsel may have reasonably concluded that it was not necessary to discuss the details of the evidence. Moreover,

McClarin fails to demonstrate that the outcome of the proceedings would have been any different if his trial counsel had discussed the details of the "potentially exculpatory evidence." In other words, McClarin cannot demonstrate he was prejudiced by his trial counsel's decision to not discuss the evidence at the sentencing hearing.

{¶ 22} Therefore, the second assignment of error is overruled.

{¶ 23} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
LARRY A. JONES, SR., J., CONCUR