[Cite as *State v. Kovatch*, 2020-Ohio-1025.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 108453 |
| THOMAS A. KOVATCH, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 19, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-634052-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Aqueelah A. Jordan, Assistant Prosecuting Attorney, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and Jeffrey M. Gamso, Assistant Public Defender, *for appellant.*

LARRY A. JONES, SR., J.:

{¶ 1} Defendant-appellant Thomas Kovatch ("Kovatch") appeals from the March 2019 judgment of conviction, challenging his eight-year prison sentence. For the reasons that follow, we affirm.

**Procedural and Factual History**

{¶ 2} In November 2018, Kovatch was charged in a 14-count indictment of sexually oriented offenses. There were two victims; they were Kovatch's minor granddaughters. The offenses began when the victims were 12 and 8 years old and spanned the course of almost three years. The charges consisted of gross sexual imposition and endangering children; six counts were for gross sexual imposition against one granddaughter, six counts were for gross sexual imposition against the other granddaughter, and two counts were for child endangering, one for each granddaughter. Eight of the gross sexual imposition counts contained sexually violent predator specifications.

{¶ 3} The record demonstrates that when the crimes occurred, Kovatch was retired from church ministry and helped with the care of his granddaughters, including picking them up from school and bringing them home. The crimes related to Kovatch sexually touching the girls, as well as him having them sexually touch him.

{¶ 4} After negotiations with the state, Kovatch pleaded guilty to an amended indictment — all 14 counts with the deletion of the sexually violent predator specifications. As part of the plea, Kovatch and the state agreed that several of the counts merged for the purpose of sentencing.

{¶ 5} At sentencing, the trial court imposed an aggregate term of eight years, which consisted of concurrent sentences and the maximum sentence (eight years) on both of the endangering children counts (Counts 7 and 14), felonies of the

second degree. The trial court designated Kovatch as a Tier II sex offender and explained the registration requirements. The court also advised Kovatch on the mandatory postrelease control and the consequences for violating postrelease control.

{¶ 6} Kovatch now appeals, raising a sole assignment of error, which reads as follows:

> The trial court committed error in imposing [its] sentence when it failed properly to weigh and consider as mitigating evidence Mr. Kovatch's decades of good behavior and good works, his low risk of recidivism, his remorse, his current medical conditions, and his family's need for reconciliation and healing.

**Law and Analysis**

**Standard of Review**

{¶ 7} R.C. 2953.08(G)(2), which governs the appeal of felony sentences, provides, in part, that when reviewing felony sentences, the appellate court's standard is not whether the sentencing court abused its discretion. Rather, if this court "clearly and convincingly" finds that (1) the "record does not support the sentencing court's findings under" R.C. Chapter 2929 or (2) the sentence is "otherwise contrary to law," then we may conclude that the court erred in sentencing. *Id.*; *see also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231.

{¶ 8} A sentence is not clearly and convincingly contrary to law if the trial court "considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies

postrelease control, and sentences a defendant within the permissible statutory range." *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10.

{¶ 9} The three overriding purposes of felony sentencing are to "protect the public from future crime by the offender and others," "punish the offender," and "promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes * * *." R.C. 2929.11(A). Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 10} Additionally, in imposing a felony sentence, the court "shall consider the factors set forth in [R.C. 2929.12(B) and (C)] relating to the seriousness of the conduct [and] the factors provided in [R.C. 2929.12(D) and (E)] relating to the likelihood of the offender's recidivism * * *." R.C. 2929.12. This court has held, however, that "[a]lthough the trial court must consider the principles and purposes of sentencing as well as the mitigating factors, the court is not required to use particular language or make specific findings on the record regarding its consideration of those factors." *State v. Carter*, 8th Dist. Cuyahoga No. 103279, 2016-Ohio-2725, ¶ 15.

**Sentencing Hearing**

{¶ 11} At sentencing, the mother (one of Kovatch's daughters) of one of the victims addressed the court, in part, as follows:

The crime that my father committed was unquestionably wicked.  Just like any crime, he will now have to face the consequences this Court decides he will need to endure in order to move on to restoration and healing.

However, I can stand here and tell you that I truly know how much God really does love us.  I know God's love exists because * * * I still love my father.

***

The definition of justice * * * is a quality of being just, righteousness, equitableness, or moral rightness, and I agree with this definition.

I agree that my father should have a just, righteous, equitable, and moral verdict; however, the only way to come to that conclusion, I believe, is also knowing the great things that he has done in his lifetime, not just the bad things.

Tr. 29-30.

**{¶ 12}**  The mother/daughter told the court of the good deeds her father had done in his lifetime, that she forgave him, and asked that he be placed on community control sanctions, with counseling and community service, so that their family could be "restored," "healed," and "held together."

**{¶ 13}**  The other victim's mother (Kovatch's other daughter) addressed the court too.  She also told the court of her father's good work, her love for him, and that she forgave him.  She asked the court to consider whether it would "be justice [for the victims] to forever lose their grandfather [or] the possibility of having a restored, healthy relationship" with him.  She said her daughter (a victim) understood the trauma of the situation, but still wanted Kovatch in her life.  The

mother/daughter asked the court for mercy in sentencing so that Kovatch's life could be "redeemed" and their family's life could be "restored."

{¶ 14} The assistant prosecuting attorney addressed the court, first, in regard to a report by Dr. Collin Myers submitted by the defense. Dr. Myers was a therapist with whom Kovatch had been treating after he was indicted. Dr. Myers' recommendation was that Kovatch not be incarcerated, but rather, be placed on "house arrest with no access to his family, or others, who are under the age of 18," and that he continue counseling. The assistant prosecuting attorney informed the court that Dr. Myers's wife and Kovatch's wife were "best friends," and the doctor, Kovatch, and Kovatch's family had socially interacted for a number of years.

{¶ 15} Second, the assistant prosecuting attorney told the court that Kovatch's statement to law enforcement about the crimes was "one of the most chilling disclosures of sexual assault" she had ever seen. According to the assistant prosecuting attorney, Kovatch described the crimes to the police in a "calm, matter-of-fact manner." He told the detectives that one of victims initially did not "offer up much resistance, so [he] thought it was okay." The victim eventually started resisting, so Kovatch would offer her money and she would at times agree to the offer. Kovatch also told the police that the other granddaughter was "more free sexually" with him. The assistant prosecuting attorney told the court that the crimes only came to light because one of the victims had an emotional breakdown and disclosed them.

{¶ 16} Based on the above, the state sought a prison term consisting of consecutive sentences. The father of one of the victims addressed the court. He asked the court to "exact judgment, justice, and vengeance" on Kovatch.

{¶ 17} The defense presented Kovatch's son and wife to address the court. The son told the court that he loved his dad, and he believed in love and forgiveness. He told the court that he understood the "tricky" position it was in to balance punishment with "redemptive mercy," and hoped that the court could sentence in a fashion that would "bring repair, restoration, and healing and hope to everybody."

{¶ 18} Kovatch's wife told the court of the "difficult" situation she was in, "mourning" for her grandchildren and the "man [she] married when [she was] 18, 47 years ago." She said that all of the family made a "mistake" by having Kovatch pick up the granddaughters after school and take them home during a period when he was "very depressed and felt worthless and helpless and used." She asked the court "for mercy and * * * justice[,] * * * for a way to find healing with [her] granddaughters[,] * * * husband and * * * family."

{¶ 19} Kovatch addressed the court, saying how "deeply sorry" he was. He apologized to his family. He alluded to past abuse he allegedly suffered as a child, telling the court that the "very thing that I have hated in my own life I became and I still loathe myself for that." His attorney asked for the "healing" that everybody requested (save Kovatch's son-in-law), and asked the court to consider house arrest, counseling, and no contact with minors.

{¶ 20} In sentencing Kovatch, the trial court considered that

the purposes and principles of sentencing require us to consider that we must punish the offender and protect the public from future crime using the minimum sanctions; however, we also have to consider the principles of incapacitation, deterrence, rehabilitation [and] restitution. There is no restitution here, so there is hopefully healing.

{¶ 21} The trial court then considered the factors regarding the seriousness of the crimes, as well as the mitigating factors:

In weighing the factors regarding the seriousness of this offense, the Court would note that the victims were very young, their physical and mental condition and the age.

They suffered serious physical and psychological harm. They were touched. They were violated. They must carry that burden with them. The relationship with the victim facilitated the offense. You have a close family member who acted for a long period of time here. I'm looking at the offenses from January 1st, 2015 through October 25th, 2018, so it's a long-standing course of conduct. This offense was committed in the homes.

Also, the mitigating factors the Court would consider is [Kovatch's] age and physical condition. Apparently [he has] some physical conditions that render him somewhat weak, but he's strong enough to have engaged in this activity until fairly recently.

{¶ 22} Kovatch acknowledges that the trial court "properly recited the principles and purposes of sentencing and categories of things it was to consider as set forth in R.C. 2929.11(A)." But according to Kovatch, the court "failed in its obligation to give consideration to the mitigatory factors in this case and to what would help to achieve the purpose it hoped for: healing." According to Kovatch, the sentence is "excessive." We disagree.

{¶ 23} We start by addressing the scope of review. As stated, *Marcum*, 146 Ohio St.3d 516, 2016-1002, 59 N.E.3d 1231, guides our review and provides that "an

appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id.* at ¶ 23. A majority of this court, sitting en banc, in *State v. Jones*, 2018-Ohio-498, 105 N.E.3d 702 (8th Dist.), held that appellate review of felony sentences "includes the considerations under R.C. 2929.11 and the findings under 2929.12." *Id.* at ¶ 19.[1]

{¶ 24} That said, the trial court does not have to make findings on the record regarding the R.C. 2929.11 and 2929.12 sentencing factors. *State v. Weaver*, 8th Dist. Cuyahoga No. 102902, 2016-Ohio-811, ¶ 16. Nonetheless, under *Marcum*, as quoted below, we have the authority to review a felony sentence to determine whether it is excessive given the evidence in the record:

> It is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

*Id.* at ¶ 23.

{¶ 25} Thus, under the authority of *Marcum* and *Jones*, we have the ability to conduct the type of review Kovatch seeks. However, upon that review, we find that the sentence is not contrary to law.

---

[1]*Jones* is presently pending in the Ohio Supreme for review of whether R.C. 2953.08(G)(2) allows an appellate court to review the trial court's findings made under R.C. 2929.11 and 2929.12. *State v. Jones*, 153 Ohio St.3d 1474, 2018-Ohio-3637, 106 N.E.3d 1260. *Discretionary appeal allowed, State v. Jones, 09/12/2018 Case Announcements*, 2018-Ohio-3637.

{¶ 26} The sentence for each count was within the statutory range under R.C. 2929.14(A). The court discussed the seriousness and mitigating factors on the record. In regard to the mitigating factors, Kovatch contends that the court "simply ignored [his] low risk of recidivism, his own history of having been a victim of sexual abuse as a child, his decades spent in loving care of a flock and devotion to God, or the love of his wife and his children." The court did not; it specifically stated that it was taking "into consideration the remarks of counsel and the defendant and the family members" who all addressed the court. The court considered all of the factors Kovatch contends mitigated his offenses, but did not find that they weighed in favor of what Kovatch sought — community control sanctions.

{¶ 27} The evidence in the record supports the sentence. This was not an isolated event. Rather, Kovatch sexually violated two of his young granddaughters for an ongoing period of almost three years. The crimes stopped when one of the victims had a breakdown and disclosed them; the victims suffered serious psychological harm. On this record, we do not find that the eight-year sentence, which covered almost three years of abuse of two victims, was excessive or contrary to law.

{¶ 28} In light of the above, Kovatch's sole assignment of error is overruled.

{¶ 29} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

EILEEN T. GALLAGHER, A.J., CONCURS;
KATHLEEN ANN KEOUGH, J., CONCURS
IN JUDGMENT ONLY