[Cite as *State v. Patterson*, 2022-Ohio-836.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee          :

                             No. 109529

    v.                          :

CLOVER PATTERSON, JR.,                  :

    Defendant-Appellant.        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 17, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-643556-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory M. Paul, Assistant Prosecuting Attorney, *for appellee.*

Law Office of Timothy Farrell Sweeney and Timothy F. Sweeney, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant Clover Patterson appeals from a judgment of the trial court sentencing him to an indefinite sentence of 12 to 15 years for his offenses of felonious assault, endangering children, domestic violence, and

telecommunications harassment. The convictions stemmed from Patterson's abuse of his family members. Patterson raises two arguments on appeal regarding his sentence.

{¶ 2} First, Patterson argues the indefinite sentence imposed by the trial court pursuant to the Reagan Tokes Law is unconstitutional because the law violates a defendant's right to a jury trial, due process, and separation of powers. Patterson's arguments regarding the Reagan Tokes Law as defined in R.C. 2901.011 are overruled pursuant to this court's en banc decision in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470.

{¶ 3} Second, Patterson argues his sentence is not supported by the record and contrary to law, citing this court's en banc decision in *State v. Jones*, 2018-Ohio-498, 105 N.E.3d 702 (8th Dist.). As we explain in the following, Patterson's claim lacks merit.

{¶ 4} Patterson pleaded guilty to felonious assault and endangering children, both second-degree felonies. These offenses related to his abuse of his son D.P. He also pleaded guilty to domestic violence, a third-degree felony, menacing by stalking, a fourth-degree felony, and telecommunications harassment, a first-degree misdemeanor. These offenses were committed against his former wife, T.P. In exchange for his guilty plea, the state dismissed the remaining counts in the 12-count indictment against Patterson.

{¶ 5} On January 1, 2021, the court held a sentencing hearing. The prosecutor represented to the court that the victim T.P. had reported 10 to 15 years

of abuse by Patterson of her and her family but she agreed with the state to forego further charges relating to the decade-long abuse. Both T.P. and D.P. spoke at the hearing about many years of horrific physical as well as emotional abuse they suffered at the hands of Patterson.

{¶ 6} T.P. called her home "the house of horrors." She described how she, D.P., and a younger son were forced to clean up their own blood on the walls after being assaulted by Patterson. She described how she had been "gutted like a fish." In a 2018 incident, he "keyed [her] in [her] head" and was placed on probation for the resulting misdemeanor conviction. While he was still on probation for the conviction, he had her son hold her down and beat her in the mouth. Patterson's son D.P. also provided chilling details of Patterson's abuse. He stated that for almost all his life, he lived with physical, verbal, and emotional abuse from his father. Patterson would beat him and his brother with "pipes, sticks, branches"; he once carved and sawed a wooden board and put nails in it, and then used it to "take [their] skin off" and "just let the blood run down [their] behind." Patterson also "acted as if beating [them] to the point [they] go unconscious is love."

{¶ 7} Patterson addressed the court on his own behalf. He stated "[i]f I did all those things, I'm sorry"; "I know that I have been out of it"; and "I will do anything to make this change. I didn't mean to hurt them." The mitigation report indicates Patterson has never been to prison and may suffer from an unspecified bipolar disorder due to his history of manic and depressive symptoms.

{¶ 8} The trial court imposed an indefinite term of six to nine years for the felonious assault offense pursuant to the Reagan Tokes Law and a consecutive term of six years for the offense of endangering children. The court also imposed concurrent three years of prison for domestic violence, 18 months of prison for menacing by stalking, and 180 days of jail time for telecommunications harassment. Patterson received an aggregate prison term of 12 to 15 years. On appeal, he argues his sentence is not supported by the record pursuant to R.C. 2929.11 and 2929.12.

{¶ 9} In imposing a sentence for a felony, the trial court is to consider the sentencing purposes set forth in R.C. 2929.11. The statute provides that a sentence imposed for a felony shall be guided by the overriding purposes of "protect[ing] the public from future crime by the offender and others and punish[ing] the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." Furthermore, R.C. 2929.11(B) provides that a sentence shall be "reasonably calculated" to achieve those overriding purposes "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 10} In determining the most effective way to comply with the purposes and principles set forth in R.C. 2929.11, the sentencing court must consider the seriousness and recidivism factors enumerated in R.C. 2929.12. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38. The seriousness factors are

enumerated in R.C. 2929.12(B) and (C), which include factors such as the physical or mental harm suffered by the victim. The recidivism factors are enumerated in R.C. 2929.12 (D) and (E), which include factors such as the defendant's criminal history.

{¶ 11} R.C. 2929.11 and 2929.12, however, do not require a trial court to make any specific factual findings on the record. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31. Moreover, consideration of R.C. 2929.11 and 2929.12 is presumed unless the defendant affirmatively shows the trial court failed to do so. *State v. White*, 8th Dist. Cuyahoga No. 103474, 2016-Ohio-2638, ¶ 8.

{¶ 12} Here, before imposing the sentence, the trial court stated it had reviewed the presentence investigation report and the mitigation of penalty report. The court also stated it had considered the purposes and principles of felony sentencing pursuant to R.C. 2929.11, the seriousness and recidivism factors pursuant to R.C. 2929.12, and the need for deterrence, incapacitation, rehabilitation, and restitution.

{¶ 13} Patterson argues that his sentence should be reversed because the record does not support the long sentence he received, citing this court's en banc opinion in *Jones*, 2018-Ohio-498, 105 N.E.3d 702 (this court held that R.C. 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if it finds that the record does not support the sentencing court's findings under R.C. 2929.11 and 2929.12). That decision, however, was subsequently reversed by

the Supreme Court of Ohio in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649. The court held that R.C. 2953.08(G)(2)(a) does not permit the appellate court to modify or vacate a sentence based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and 2929.12. *Id.* at ¶ 29.

{¶ 14} "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42.

{¶ 15} Rather, when reviewing a felony sentence that is imposed after a consideration of R.C. 2929.11 and 2929.12, our review is limited to the question of whether the sentence is contrary to law. A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *See, e.g., State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13-14. Patterson's sentence for his offenses is within the statutory range and the record reflects the trial court had considered the purposes and principles of felony sentencing in R.C. 2929.11 and the sentencing factors in R.C. 2929.12.

{¶ 16} Patterson also claims the trial court should have provided its reasons for the consecutive-sentence findings required by R.C. 2929.14(C)(4). It is well settled, however, that a trial court is not required to give reasons supporting its

decision to impose consecutive sentences. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 27.

{¶ 17} Under the very limited review we engage in regarding felony sentences, therefore, we affirm the sentence imposed by the trial court for Patterson's offenses.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, JUDGE

ANITA LASTER MAYS, P.J., and
EILEEN T. GALLAGHER, J., CONCUR


N.B.  Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Laster Mays, J., concurring in part and dissenting in part).

Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.